## BECK DUPLICATOR COMPANY *v.* FULGHUM.

1. Where the plaintiff states a good case in his declaration and sustains it by his evidence, a nonsuit should not be ordered.
2. To make a plea of rescission effectual, it should aver all the facts necessary to constitute a good rescission in law.
3. In claiming damages by way of recoupment or set-off, the defendant should sufficiently aver the items of such damages.

Argued October 10, — Decided October 30, 1903.

Complaint. Before Judge Hodges. City court of Macon. June 11, 1903.

*Estes & Jones* and *Charles Cork,* for plaintiffs.
*Hardeman, Davis, Turner & Jones,* for defendant.

TURNER, J. On the 20th of March, 1902, the plaintiffs in error bargained to the defendant in error certain machines, called duplicators, amounting to $116.10, after a certain discount was deducted. The date of the order for these articles was afterwards changed to April 7th, by consent, for satisfactory reasons, and the order bore this further statement: "Sole Agency for Macon & Vicinity," signed "Ernest L. Beck," who was one of the partners

constituting the firm of the plaintiffs in error.    The defendant in
error having failed to pay for said articles, a suit was brought
against him in the city court of Macon, for the sum of $116.10.
To this suit the defendant in error, at the proper term of the court,
filed an answer, in the first paragraph of which he denies, in effect,
his indebtedness to the plaintiffs in error, as averred in the dec-
laration ; and he further sets up as a defense that it was a part of
his contract with the plaintiffs (hereinafter called the Duplicator
Company) that he should have the sole agency for the sale of said
duplicators, for Macon and vicinity, and it was understood between
the defendant and the said Duplicator Company that the word
" vicinity " referred to all of Georgia lying south of Atlanta; that,
in consideration of this feature of the contract, the defendant, Ful-
ghum, agreed to make said purchase; that thereafter said goods
were shipped to him ; that the said Duplicator Company there-
after, on the 24th day of March, 1902, in fraud of said agreement
with the defendant and without his knowledge or consent, entered
into a contract with the Columbia Typewriter Manufacturing Com-
pany, of Atlanta (hereinafter called the Typewriter Company), by
which said company was appointed their sole agent and given the
exclusive right to sell and control the sale of said duplicators in
the State of Georgia; that the defendant, without any notice of
this agreement between the Duplicator Company and the Type-
writer Company, made his arrangements for advertising and sell-
ing said duplicators in Macon and its vicinity, as understood and
arranged between himself and the said Beck, one of the plaintiffs,
and for that purpose employed a travelling agent and supplied him
with the duplicators; that the said agent, one F. S. Bunn, made
his preparations for selling said duplicators in said territory, and
was proceeding to make sales for the defendant, but was notified,
on the 5th of May, 1902, not to sell said duplicators in the State
of Georgia, as the Duplicator Company had appointed the Type-
writer Company its sole agent for the State, and said Typewriter
Company had the exclusive right to sell said duplicators in Geor-
gia; that the said Typewriter Company likewise notified defend-
ant of its contract and of its exclusive right to sell in Georgia;
that the conduct of the said Beck and the Duplicator Company in
thus depriving defendant of his agency and giving the exclusive
agency to the Typewriter Company in the territory that it had

been agreed should be a part of the consideration for the purchase of said supplies prevented the defendant from making sales of said duplicators, and therefore the consideration for the purchase has failed; that upon ascertaining said facts, defendant offered to return said duplicators to the Duplicator Company, but that company refused to receive the same; and defendant pleads said facts in bar to said suit and of any recovery for the goods so shipped. The defendant, Fulghum, further pleaded that by the breach of said contract, as aforesaid, the Duplicator Company injured and damaged him in the sum of five hundred dollars, " the profits he would have made on the sale of said duplicators and of his agency, and the expenses incurred in putting the same upon the market," and he set up such damages as a recoupment and set-off to the plaintiffs' claim.

The Duplicator Company demurred to such part of the defendant's answer as set forth the special defense outlined above, averring, first, that the facts set up in said answer, if true, constituted in law no defense to the plaintiffs' action. The Duplicator Company also demurred to the allegation that, " upon ascertaining said facts," the defendant offered to return the duplicators, the demurrer being put on the ground that it was not alleged in the defendant's answer upon what date said alleged tender was made; and, third, the Duplicator Company specially demurred to said part of said answer, on the ground that the damages therein set up were too remote and speculative in their character and incapable of being ascertained by the court, there being no facts presented in said answer on which to base a judgment; and also because the defendant claimed to have offered to return the articles sold, which would in law amount to a rescission of the contract, and defendant could not thereafter seek to recover damages growing out of a breach of the contract; and, fourth, the Duplicator Company further demurred to said portion of said answer, on the ground that it shows no acts on the part of Ernest L. Beck, or the Beck Duplicator Company, which prevented the defendant from selling said duplicators. These demurrers to the answer of the defendant were overruled by the court, and in due time the Duplicator Company filed exceptions pendente lite to said ruling of the court. The case then proceeded to trial before a jury, and Beck, one of the plaintiffs, was examined under a commission and substantially

proved the sale, shipment, and delivery of the goods to Fulghum. This witness also admitted that he had agreed in the contract with Fulghum that the latter should have the sole agency for the sale of the duplicators in Macon and its vicinity; and further testified that it was understood between himself and Fulghum what territory was embraced by the word "vicinity" in the contract.     He also exhibited certain letters from Fulghum to the Duplicator Company, and from the company to Fulghum, in which correspondence it appeared that on the 24th of March, a few days after the contract with Fulghum, the said Beck, who was one of the plaintiffs, entered into a written contract with the Typewriter Company, of Atlanta, which contract recited that the Typewriter Company should have the sole agency in the State of Georgia for the sale of the duplicators.     Beck undertook to explain that it was understood between himself and the Typewriter Company that this contract was subject to any prior contracts made with any other agents in the State; but, on objection made to this explanation, the court excluded it, and the Duplicator Company excepted.     With Beck's interrogatories were also exhibited certain letters from one Bunn, whom the defendant, Fulghum, claims in his plea to have employed as his agent for the sale of the machines, in which letters of Bunn, addressed to the Duplicator Company in New York, he seemed to desire territory for himself in a direct transaction with the Duplicator Company and without any middleman; and it also appeared from a letter of the Duplicator Company to Bunn that the former had sold the exclusive agency for the State of Georgia to the Typewriter Company. Bunn then asked for and obtained from the Duplicator Company the right to sell their machines in the State of Alabama.     The defendant introduced no evidence, but asked the court to nonsuit the plaintiffs, which latter motion the court granted; and the plaintiffs thereupon excepted on various grounds, and also alleged error on the overruling of the demurrer of the plaintiffs to the defendant's answer, as set out in said exceptions pendente lite.

1. We think that the evidence for the plaintiffs below, the plaintiffs in error, made out a case which entitled them to go to the jury.

2. The special defense set up by the defendant, to which demurrers were filed by the plaintiffs, fails to aver sufficient facts on

which to claim a rescission of the contract with the Duplicator Company. That defense sets out no date at which a tender to the plaintiffs of the machines bought of the plaintiffs was made ; nor does it aver readiness to comply with the tender; nor does it show that the tender was made within a reasonable time. It is further apparent from the allegations contained in this defense that Fulghum's contract was prior to the contract made with the Typewriter Company; and it would seem that if any contest or conflict occurred between the defendant, Fulghum, and the Typewriter Company, Fulghum would have had the superior right, in so far as his contract with the Duplicator Company gave him the right to sell at Macon and in its vicinity. It would therefore appear that, as against the Atlanta competitor, he could in law have maintained his territory against invasion. Nor does the defendant in his special defense set out any actual invasion of his territory, nor any loss or damages which he may have sustained on account of the contract with the Typewriter Company.

3. On the other branch of this special defense, in which the defendant claimed that he had been injured and damaged by the plaintiffs in the sum of five hundred dollars, he failed to sufficiently specify such damages; nor did he give the items of the profits he lost or the expenses he incurred in putting the machines on the market. We therefore think that the entire special defense of the defendant in error should have been stricken by the court.

We have thus disposed of all the material exceptions brought to this court, and deem it unnecessary to refer to any others.

*Judgment reversed. All the Justices concur.*