### 33170. SMITH *v.* MONROE.

Decided July 13, 1950.

*Alton T. Milam, Lucile I. Milam, Amber W. Anderson,* for plaintiff.

*F. L. Breen, Harold Sheats,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.) ■ The answer was attacked by general demurrer on the grounds that it set forth no defense, that the petition is an action in debt and "such allegations as defendant makes are allegations with reference to a breach of a contract which is a tort action and are not the proper subject-matter of the pleading in an action in debt." This demurrer is unintelligible and was properly overruled. The suit is based upon an alleged parol contract; the defense likewise relies upon an alleged parol contract which consists of terms different from that upon which the plaintiff relies.

Unless the plaintiff can admit every fact set out by the answer and still recover, it is error to strike the entire answer. *Tux-worth* v. *Barber,* 21 *Ga. App.* 748 (94 S. E. 1042) ; *Tennessee Chemical Co.* v. *Ricks,* 31 *Ga. App.* 37 (119 S. E. 443) ; *Dawson Production Credit Association* v. *Connelly,* 61 *Ga. App.* 889 (8 S. E. 2d, 424). The answer is contradictory in that it denies the paragraph of the plaintiff's petition stating that the agreement was an oral agreement, and later sets up an oral agreement, different in material features. However, the fact that the defendant's answer contains contradictory matter is no ground for striking it. Code, § 81-310. Where in one part of a pleading the execution of a contract is denied, and in another part it is admitted, the court will construe the pleading as a whole as an admission. *City of Moultrie* v. *Schofield's Sons Co.,* 6 *Ga. App.* 464 (1) (65 S. E. 315). The answer affirmatively pleads that the contract was to the effect that the expense of printing and distributing the books was to be borne equally by the plaintiff and the defendant, whereas the petition contends that all expense was to be borne by the defendant. The answer also affirmatively pleads that the plaintiff was to push the sale of the book to the exclusion of all other like volumes, whereas the petition sets out that the defendant was to sell the volumes, and the plaintiff to do nothing other than furnish the material, which was in his exclusive possession and control. The answer sets out a sufficient defense to the contract in that it is therein alleged that the plaintiff first breached the contract by (a) refusing to sell the books, (b) refusing to pay his half of the expense, and (c) publishing another volume to be sold in competition with the volumes in question.

It was also not reversible error for the trial court to overrule the special demurrers directed to the allegations that the defendant "did pay therefor a sum *aggregating* $4000" in one part of the answer and the allegation that "defendant has paid out incident to publication of said volume *approximately* $4000, and has on hand approximately 455 books" in another part. Construed merely as a denial of the plaintiff's claim and an allegation that the defendant has complied with the contract until the same was abandoned by the plaintiff, the answer is not subject to grounds 6, 7, 9, 12, 13, and 17 of special demurrer. Grounds

3, 4, 5, 8, 10, 11, and 16 of special demurrer attack certain paragraphs of the answer as evasive, argumentative, evidentiary, and for other reasons. Counsel do not in their briefs urge any specific objections to the paragraphs so attached. The trial court did not commit reversible error in overruling these special grounds of demurrer to the defendant's answer.

■ Insofar as the defendant seeks judgment against the plaintiff in the sum of $1820, the pleading must be considered a plea of setoff. Code § 81-801 states as follows: "Every plea of set-off must set out the demand as plainly as if sued on." This plea is contained in paragraph 14 of the answer, which states as follows: "That plaintiff received a large sum of money from the Harrison Company, the exact amount of which is unknown to this defendant, but defendant charges that as a result of the agreement between plaintiff and said company and the receipt of said sum of money, defendant has been left with a number of books on hand, the sale of which has been killed by plaintiff, and which said books cost defendant $1820 to print, and defendant has been damaged by plaintiff in the sum of $1820 by reason of plaintiff's breach of the agreement set forth in this answer between the plaintiff and defendant." This paragraph was attacked by special demurrer as follows: " . . and further there is no basis shown so that the judge and the jury may understand how defendant arrives at the figure of $1820."

Reference to other parts of the answer does not supply any material which might aid this paragraph in meeting the attack thus interposed on the ground of uncertainty. On the contrary, from the allegations that 1000 books were ordered, that sums were paid out of approximately $4000 in payment for the same, and that approximately 455 books remain, it is obvious that the figure of $1820, the damages claimed, was arrived at on a percentage basis of "approximate" costs, rather than by any more exact method of calculation. As stated in *Kahrs* v. *Kahrs*, 115 *Ga.* 288, 294 (41 S. E. 649), where a defendant attempts to plead a setoff against the plaintiff's demands, "the plaintiffs had a right to call for an itemized statement of the various amounts paid, showing when and to whom they were paid." A plaintiff seeking to recover expenses paid out as items of damages must allege such expenses with particularity. Consequently the pleading,

as an original declaration, would have been insufficient because it failed to itemize such expenses by bill of particulars or to otherwise show definite and necessary expenditures. Construed as a setoff, that portion of the answer which seeks the recovery of damages is subject to the same defect. See also in this connection *Morris* v. *International Agricultural Corp.*, 53 *Ga. App.* 517 (186 S. E. 583); *Beck Duplicator Co.* v. *Fulghum*, 118. *Ga.* 836 (3) (45 S. E. 675). The trial court erred in overruling ground 14 of the special demurrer, which is to the cross-action of the defendant as contained in paragraph 18 of the answer.

■ The evidence upon the trial of the case was in sharp conflict, but the jury was authorized to find that all sums for the sale of the books and supplements which had been received by the defendant had been applied toward her personal indebtedness to the printer for his services in printing the books and supplements, and that she was not indebted to the plaintiff in any amount.

The trial court erred in overruling the special demurrer to the defendant's plea of setoff, and in consequence the verdict finding for the defendant in the sum of $500 was unauthorized. This error can be cured by the defendant writing off the judgment in the sum of $500 which was rendered in her favor against the plaintiff on her cross-action. The judgment of the trial court is affirmed upon condition that the defendant write off the sum of $500 within 10 days from the date the remittitur from this court is received in the office of the clerk of the trial court. Upon her failure to do so the judgment of the trial court is hereby reversed.

*Judgment affirmed on condition. MacIntyre, P.J., and Gardner, J., concur.*