34445.  CARROLL *v.* TAYLOR.

DECIDED MARCH 19, 1953.

*Boykin & Boykin, Marshall L. Allison,* for plaintiff in error.
*Lamar Knight,* contra.

SUTTON, C. J. ■ The original petition alleged only various items of indebtedness with the dates when they were incurred; it did not appear how the indebtedness had arisen. The amendment to the petition showed that the account was for money lent to the defendant by the plaintiff, while the defendant was married to the plaintiff's daughter. The petition as amended was not subject to the special demurrer in this respect, and therefore the court did not err in overruling such demurrer. *Baker* v. *Sutton,* 47 *Ga. App.* 176 (170 S. E. 95). Of course, an account sued on should be itemized, and the statement of the account sued on, as amended, showed certain amounts of money as lent to the defendant by the plaintiff on certain dates. This was sufficient. The allegations that a former suit was dismissed, when the defendant filed a plea to the jurisdiction on the ground of his non-residence in the county in which the suit was brought, and within six months before the filing of the present suit, were relevant to show that none of the claimed items of the account was barred by the statute of limitations. Code, § 3-808; *Cutliffe* v. *Pryse,* 187 *Ga.* 51, 53-55 (200 S. E. 124); *Phillips* v. *Central of Georgia Ry. Co.,* 20 *Ga. App.* 668 (1) (93 S. E. 309), affirmed on certiorari, 148 *Ga.* 90 (95 S. E. 994). The court did not err in overruling the special demurrers to the petition.

■ In the proposed amendment to his answer, the defendant sought recovery of $1440 for board, lodging, and care at $1 per day during a period of 42 months and 8 days from January 22, 1945, to August 4, 1948, when the plaintiff lived in the defendant's house, and of $337.10 for insurance. The defendant stated in the plea that he should recover these amounts in the way of recoupment. But he could not do so, as they did not arise out of the same contract or contracts sued upon. Code, § 20-1312. However, this plea was in the nature of a plea of setoff, and

such a plea must set out the defendant's demand as plainly as if sued on. Code, § 81-801. In this connection, see *Kahrs v. Kahrs*, 115 *Ga.* 288 (3) (41 S. E. 649); *Beck Duplicator Co. v. Fulghum*, 118 *Ga.* 836 (3) (45 S. E. 675); *Morris v. International Agricultural Corp.*, 53 *Ga. App.* 517 (3) (186 S. E. 583); *Davis v. Crane Co.*, 62 *Ga. App.* 334 (7 S. E. 2d, 783); *Smith v. Monroe*, 82 *Ga. App.* 118 (60 S. E. 2d, 790). The alleged period from January 22, 1945, to August 4, 1948, was not 42 months and 8 days, as alleged, but was 42 months and 10 days, and the number of days in such period was 1290, according to Stafford's United States Calendar, while the amendment to the answer sought recovery of $1440 at the rate of $1 per day for said period. It was not alleged whether $1 per day was the reasonable value or an agreed value for the board, lodging, and care. No particulars were set out as to the alleged amount of $337.10, other than that it was for insurance; it was not alleged when and to whom it was paid, nor what kind of insurance it was, etc. This plea was too vague and indefinite as a plea of setoff, and the court did not err in disallowing it, on objection to the effect that the defendant had not set up his accounts in such a definite way as to meet the requirements of law and had not attached a copy of the account pleaded as a setoff. "Where . . an amendment fatally defective in part, although otherwise allowable, is offered, and its allowance is objected to on the ground of such defect, the entire amendment must be rejected." *Central of Georgia Ry. Co. v. Jones*, 28 *Ga. App.* 258, 263 (110 S. E. 914); *White v. Little*, 139 *Ga.* 522 (4) (77 S. E. 646); *Tucker v. Lea*, 83 *Ga. App.* 207 (1) (63 S. E. 2d, 252).

■ In special ground 1 of the motion for a new trial, the defendant contends that the court erred in charging the jury that, if they should find in favor of the plaintiff in any amount, then they should figure interest at 7% from the time the same became due and owing to the plaintiff until the time of the trial. The complaint made is that no time was given in the charge, or offered in evidence, as to when interest began to accrue on the account; that there was no evidence showing that interest should be figured at 7%; and that the charge was more extensive than the range of relevant evidence submitted.

Even if it be conceded that the charge was erroneous for the reasons assigned (*Mendenhall* v. *Nalley,* 81 *Ga. App.* 517, 521 (3), 59 S. E. 2d, 283), it does not appear that the defendant was prejudiced thereby, for the jury found that some of the principal amount sued for was due, and awarded interest at the legal rate (Code, § 57-101) from the time the suit was first filed against the defendant in Fulton Superior Court on October 14, 1949. The defendant testified that a demand had been made upon him about a year after he and his former wife had separated, in August, 1948. The evidence authorized the jury to allow interest as they did in their verdict, and therefore the charge complained of in this ground of the motion was not prejudicial error. Code, §§ 57-110, 57-107.

■ The movant, in special grounds 2, 3, and 4, complains of the following charge to the jury: "Now, I charge you further if the plaintiff sent monthly statements of the account in suit to the defendant and the defendant received them without in some way objecting to it within a reasonable time after this reception, [in] the absence of such an excuse for not so objecting, then the burden of proving the incorrectness of the account is on the defendant and if the defendant has failed to carry this burden you would give judgment to the plaintiff for the amount due, if you find that the same is due. If the defendant disputes the correctness of the account at a proper time there would be no presumption of the correctness and the burden would be upon the plaintiff to prove the correctness of the claim. Failure to object within a reasonable time, if any, would cast the burden on the defendant of proving the incorrectness, if any, of the account, unless the defendant can furnish some reason satisfactory to you as to why its incorrectness, if any, was not discovered until after the expiration of the reasonable time."

It is contended that this charge was not applicable to the issues formed by the pleadings and the evidence, and was based on an assumed state of facts unsupported by the evidence, as an account stated was neither alleged nor proved; and that the charge was confusing to the jury because the suit was on an open account and so the burden of proof was on the plaintiff. These contentions are well founded; for, while there was evidence that the plaintiff had demanded payment of the sum

sued for, there was no evidence showing that she had sent statements of the account to the defendant, nor was there evidence of an agreement between the parties fixing the amount due under their previous transactions and promising payment, such as would constitute evidence of an account stated, to which the charge given might have been applicable. *Martin* v. *Mayer*, 63 *Ga. App.* 387, 399 (11 S. E. 2d, 218); *Phillips* v. *Ableson*, 60 *Ga. App.* 558, 559 (4 S. E. 2d, 411). The petition alleged a case of open account for sums of money lent; the alleged indebtedness was denied in the answer, and the burden of proving the case as laid was on the plaintiff. The charge given had the effect of placing the burden of proof on the defendant to establish the incorrectness of the account, if he failed to object to it or to excuse his failure to object, and in this respect the charge was erroneous and could have served only to confuse the jury. Grounds 2, 3, and 4 of the motion show error requiring the grant of a new trial.

■ In ground 5 of the motion, error is assigned on the charge of the court to the effect that indebtedness of both parties at some time during the continuance of the account sued on would make it a mutual account, and that, unless the jury found that there was a mutual account, they could not find for the plaintiff on any item of the account arising more than four years before the suit was filed. While this charge was not applicable to the issues in the case, since the defendant's plea of setoff had been disallowed, nevertheless he cannot complain of this charge, since it gave him the benefit of a defense which he had sought to plead. This charge was not error as against the defendant.

■ In ground 6, the movant contends that the court erred in failing to charge the jury on the facts alleged by the defendant's pleadings; that it did not define the issues except by reading the pleadings, and failed to charge that the defendant denied he was indebted to the plaintiff in any amount; and that, as the defendant had offered evidence, this issue was for the jury to determine from the evidence adduced. An examination of the charge discloses that the court read the pleadings to the jury, including the defendant's contention that he was not indebted to the plaintiff in any amount, and also charged that the pleadings served to state the plaintiff's position and the defend-

ant's position and to form the issue to be passed upon. It is not ground for a new trial that the judge failed to restate the issues in his own language. As ruled in *Jones* v. *McElroy*, 134 *Ga.* 857, 859 (3) (68 S. E. 729, 137 Am. St. R. 276), "While it is the right and duty of the court to state the contentions of the parties, his reference to the pleadings as containing such contentions will suffice, unless the special facts of the case may require a formal statement of the actual issues in order to prevent possible misapprehension." Also see *Jones* v. *Batts*, 45 *Ga. App.* 323, 326 (164 S. E. 462); *Abelman* v. *Ormond*, 53 *Ga. App.* 753 (5) (187 S. E. 393). This ground of the motion is without merit.

■ The court erred in denying the defendant's motion for a new trial for the reasons set forth in division 4 of this opinion.

*Judgment reversed. Felton and Worrill, JJ., concur.*