46003. McCOY v. BUCKHEAD
CLINIC PROFESSIONAL ASSOCIATION.

PANNELL, Judge. John M. McCoy, M. D., brought an action against Buckhead Clinic Professional Association seeking to

recover terminal pay and two weeks' pay based upon a contract of employment dated July 1, 1968, and ending December 31, 1968. The trial judge granted the defendant's motion for summary judgment as to the terminal pay provided for in the contract. The plaintiff appealed.

The evidence adduced on the motion for summary judgment showed substantially the following. McCoy had been employed by the defendant for a number of years prior to the contract involved in the present controversy, which prior contracts had no termination date. After semi-annual audits of the financial condition of the association, the associates and trustees would meet and agree upon salary schedules for the future, and at times made other changes and amendments, or a new contract embodying these changes would be signed. The contract sued upon was one of the new contracts and provided a salary to plaintiff of $3,455.50 per month which was payable in semi-monthly payments.

Other provisions of the contract sued upon material to the case were as follows: "It is specifically agreed that in the event Dr. John M. McCoy shall withdraw from or be dismissed from the Association, he shall not practice medicine or surgery within a one (1) mile radius of any facility of the Buckhead Clinic Professional Association for a period of one (1) year from that date. . . This agreement may be terminated at any time by either party by serving written notice of such intentions. The effective date of such termination shall be ninety days from the date of written notice. . . In the event of retirement or death of Dr. John M. McCoy, his estate or his designee shall receive the equivalent of six months' salary. Upon termination of employment by resignation, he shall receive the equivalent of one month's salary for each full year of employment by the Buckhead Clinic Professional Association, not to exceed the equivalent of five months' salary. This terminal pay is in addition to any amounts otherwise receivable under this or any other agreements with the Association. . . By mutual agreement this contract may be amended at any time. This will apply particularly to Section 3, above, as salary schedules are expected to be reviewed from time to time by the Board of Governors." Pend-

ing receipt of an audit in order to determine future salaries thereby, all of the medical employees who had similar contracts, except as to amount of salary payments, were paid the salary provided in the contracts for the first half of January, but after that time by oral agreement and determination by the "Board" the schedule of salaries was changed and plaintiff's salary was set at $3,377.24 per month at which rate plaintiff was paid through April 14, 1969. On February 24, 1969, plaintiff refused to sign a new contract covering an antedated period from January 15, 1969, on, as he had already notified them he was terminating his employment. On January 30, 1969, plaintiff notified the defendant he was terminating his contract as of April 30, 1969. On April 7, 1969, the defendant notified the plaintiff that he was no longer working under a contract, but at the will of the defendant, and that unless he signed an agreement as to his termination pay, he would be paid no termination pay nor would he be paid any salary after April 15. Plaintiff refused to sign a release for retirement pay of less than that provided in the contract sued upon. All of the fees from patients treated by the plaintiff from January 1 through April 30 were received by the defendant and kept by it, the plaintiff receiving no fees from the patients at this time for his own personal benefit. Plaintiff did not begin the actual practice of medicine at his new location until May 5, 1969, although prior to that time he was making arrangements for his lease and had signed a lease at that location. *Held:*

1. The evidence did not demand a finding that the contract sued upon terminated on December 31, 1968, but on the contrary, authorized a finding that both parties were continuing the contract at a reduced salary to the plaintiff. Nor did the evidence demand a finding that the plaintiff had repudiated the contract by violating the restrictive covenant, but, on the contrary, authorized a finding that the defendant had repudiated the contract by its letter of April 7, 1969, notifying plaintiff that he had no contract and that he would not be paid the termination pay provided in the contract unless he signed a new agreement. See *Felton v. Orkin Exterminating Co.*, 92 Ga. App. 186, 191 (88 SE2d 463). Nor is the plaintiff precluded from recovering

the termination pay provided for in the contract on the theory that his breach of the restrictive covenant, if a breach is so shown, precludes such action. While the failure of the plaintiff to perform an act required as a condition of defendant's performance of an act under the contract would preclude an enforcement of such performance of the defendant by the plaintiff (see *Moate v. H. L. Green Co.,* 95 Ga. App. 493, 505 (98 SE2d 185)), and while a plaintiff whose breach of a contract is so material as to amount to a repudiation of the contract itself, may not recover upon breach of such contract by the defendant (see *Smith v. Monroe,* 82 Ga. App. 118, 121 (60 SE2d 790); *Smith v. Ga. Loan &c. Co.,* 113 Ga. 975 (39 SE 410)), no such situation is shown, nor a finding thereof authorized, by the evidence in the present case.

2. The plaintiff's notice of termination, given in accordance with the terms of the contract, was a sufficient resignation to comply with the terms of the contract as to termination pay. The trial court accordingly erred in granting a partial summary judgment in favor of the defendant as to the plaintiff's claim therefor.

3. There is an enumeration of error on the trial judge requiring the appellant to answer certain interrogatories. The brief of the appellant merely states the fact of what occurred and requests this court to pass upon the same. This does not constitute sufficient argument to comply with Rules 17 (c) (2) and 17 (c) (3) A and B of the Court of Appeals and the enumeration of error will be considered as abandoned. See *Harrell v. Bedgood,* 121 Ga. App. 16 (2) (172 SE2d 485).

*Judgment reversed. Bell, C. J., and Deen, J., concur.*
ARGUED MARCH 1, 1971—DECIDED MAY 10, 1971—
REHEARING DENIED JUNE 4, 1971—CERT. APPLIED FOR.

*Roland P. Smith,* for appellant.
*Hansell, Post, Brandon & Dorsey, Gary W. Hatch, Charles T. Zink,* for appellee.