A96A1795. MARCRE SALES CORPORATION v. JETTER.
(476 SE2d 840)

RUFFIN, Judge.

Marcre Sales Corporation d/b/a Filet of Chicken ("Filet of Chicken") sued David Jetter for failure to comply with a non-competition agreement, and Jetter counterclaimed, alleging improper termination. The trial court granted Jetter partial summary judgment on Filet of Chicken's complaint. Filet of Chicken appeals this ruling, and we affirm.

Summary judgment is appropriate when the court, viewing all the evidence and drawing reasonable inferences in a light most favorable to the non-movant, concludes that the evidence does not create a triable issue as to any essential element of the case. *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991). "A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. [Cit.]" Id.

Viewed in that light, the record shows the following: Jetter began working as a salesman for Filet of Chicken in 1990. In the spring of 1993, Jetter and Filet of Chicken began negotiating an employment contract. On July 7, 1993, they entered into an employment contract which included a non-competition clause. Jetter was terminated by letter dated November 28, 1994.

After receiving information that Jetter was allegedly working for a competitor and soliciting Filet of Chicken customers, Filet of Chicken filed a complaint, alleging breach of contract against Jetter

(Count 1) and tortious interference with contractual relationship against J & G Poultry, Inc. (Count 2), Jetter's new employer. Jetter counterclaimed for breach of contract and fraud. Thereafter, Filet of Chicken amended its complaint to include a third count: violation of the Georgia Trade Secrets Act of 1990.

Jetter filed a motion for partial summary judgment as to Filet of Chicken's breach of contract claim, asserting Filet of Chicken was precluded from enforcing the employment contract because it had breached the agreement in November 1994 when it terminated Jetter contrary to the provisions of the contract. The trial court granted Jetter's motion as to this count, noting that Jetter's counterclaim and Filet of Chicken's trade secrets claim remained pending.[1]

1. Filet of Chicken asserts the trial court erred in determining, as a matter of law, that the employment contract between Filet of Chicken and Jetter prevented Jetter from being discharged for any reason. We disagree. It is clear from the trial court's order that it merely determined that Filet of Chicken violated the terms of the employment contract, and we agree with this determination.

Pursuant to the employment contract, Filet of Chicken employed Jetter for 12 months, beginning July 7, 1993. Under section three of the employment contract, titled "Renewable Contract," the contract provided as follows: "This agreement shall automatically renew from year to year during the term of JETTER'S employment unless either party gives to the other written notice of his or its intention to terminate JETTER'S employment at the end of the then current term of employment. It is the intention of the parties that this provision shall be applied so that at the end of the first year unless either party has given written notice to the other at least thirty days prior to the end of the one-year term, then JETTER shall continue to be employed by [Filet of Chicken] for a second period of twelve months. Should JETTER desire to cease his employment for any reason other than a violation of the terms of this agreement, he may do so only by giving written notice to [Filet of Chicken] at least thirty days prior to the end of the twelve-month term of this agreement, or any extension hereof."

Pursuant to this contract provision, the contract renewed for an additional 12 month term on July 7, 1994. However, Filet of Chicken terminated Jetter by letter dated November 28, 1994. This termination occurred seven months prior to the expiration date of the contract and violated section three of the employment contract. The trial court correctly found that "[a]lthough [Filet of Chicken] had the right

---

[1] Filet of Chicken dismissed J & G Poultry, Inc. from the lawsuit, so Count 2 of the original complaint and Count 3, as it related to J & G Poultry, Inc., were extinguished. In addition, J & G Poultry, Inc. dismissed its counterclaim against Filet of Chicken.

to give [Jetter] written notice of its intention to terminate him at the end of his second year of employment, the Employment Agreement did not provide [Filet of Chicken] with a mechanism to terminate [Jetter] in November of 1994." Since the employment contract did not contain severability language, Filet of Chicken's own breach of the contract precludes it from seeking enforcement of the covenant not to compete. *ESAB Distributors Southeast v. Flamex Indus.*, 243 Ga. 355 (3) (254 SE2d 328) (1979); *Wake Broadcasters v. Crawford*, 215 Ga. 862 (1) (114 SE2d 26) (1960).

Furthermore, contrary to Filet of Chicken's argument, the trial court did address whether the employment contract could be construed to contain a provision permitting termination for cause. In this regard, the trial court properly determined that the employment contract was unambiguous and clearly set out the rules governing renewal and termination. Filet of Chicken does not cite, and we cannot locate, any authority supporting Filet of Chicken's proposition that a termination for cause provision was intended by the parties. " 'It is the duty of courts to construe and enforce contracts as made, and not to make them for the parties. [Filet of Chicken] must stand upon the contract as made by the parties.' [Cit.]" *Wake*, supra at 863. Furthermore, we find Filet of Chicken's argument ironic in light of the fact that earlier drafts of the employment contract included a termination clause that might have allowed such actions by Filet of Chicken, but those were specifically excluded from the final agreement.

"We hold the contract in the instant case to be entire, and the clause requiring [written notice of termination 30 days prior to the expiration of the 12 month term] to be a vital clause of the contract, a breach of which on the part of [Filet of Chicken] would relieve [Jetter] from the provisions of the restrictive clauses in the contract." *Felton Beauty Supply Co. v. Levy*, 198 Ga. 383, 389 (31 SE2d 651) (1944). Accordingly, the trial court properly granted Jetter's motion for partial summary judgment.

2. Contrary to Filet of Chicken's assertions, the trial court's order is not inadequate to permit meaningful appellate review and is not inconsistent. The order correctly identifies the issues and correctly addresses those issues. In addition, the trial court's grant of partial summary judgment to Jetter on Filet of Chicken's contract claim is not inconsistent with its determination that Jetter's breach of contract counterclaim remained open. According to the trial court, Filet of Chicken's defenses of accord and satisfaction, while they did not apply to Count 1 of the complaint, might be applicable as a defense to Jetter's counterclaim. Surely, Filet of Chicken is not arguing that it should not be allowed to present mitigating evidence as to damages incurred by Jetter due to Filet of Chicken's breach of the employment

contract. This enumeration lacks merit.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 4, 1996.

*Glaze, Glaze & Fincher, Kirby A. Glaze, Bruce R. Vail,* for appellant.

*William A. Maddox,* for appellee.