A99A2372. AMERICA NET, INC. v. U. S. COVER, INC.
(532 SE2d 756)

SMITH, Judge.

In this landlord-tenant matter, America Net, Inc. appeals the judgment of the State Court of Forsyth County granting partial summary judgment in favor of its landlord, U. S. Cover, Inc. and denying summary judgment in favor of America Net. America Net was the tenant under a sublease agreement through lessee/sublessor Nicholson Construction Company, which is not a party to this action. America Net contends the trial court erred in finding that its default precluded exercise of a renewal option in the master lease. It also contends the trial court erred in finding it in default under the terms of the agreement and in enforcing a double rent provision. We disagree and affirm the judgment of the trial court.

1. We first consider the motion of U. S. Cover to dismiss for lack of jurisdiction. America Net did not follow the requirement of OCGA § 44-7-56 that an appeal of "[a]ny judgment by the trial court" be filed within seven days of the entry of judgment. While this case presents a very close question as to whether the judgment ultimately rendered was subject to the dispossessory statutes and therefore to the time limitation on appeal, we conclude that it was not.

This action began when U. S. Cover filed a dispossessory warrant in the Magistrate Court of Forsyth County, alleging that America Net was a tenant holding over and seeking possession of the premises and past due rent. America Net answered and counterclaimed for breach of the lease contract, including failure to repair. America

Net tendered its rent into the registry of the court pursuant to OCGA § 44-7-54 and continued to do so for approximately six months. After paying the rent for December 1997, America Net surrendered the premises, and U. S. Cover moved to transfer the litigation to state court. The parties thereafter filed a consent motion to transfer, stating: "the grounds for this motion are that Defendant's counterclaims exceed the jurisdiction of this court; and possession of the premises is no longer an issue, thereby depriving this honorable court of jurisdiction."[1] The magistrate court transferred the case, finding the grounds for transfer "well founded and that jurisdiction of Defendant's counterclaims is lacking."

After the transfer to state court, U. S. Cover moved for summary judgment, and America Net filed its cross-motion for partial summary judgment. The trial court's order was entered June 7, 1999, and America Net filed its notice of appeal on July 6, 1999.

Article 3, Chapter 7 of Title 44 governs dispossessory proceedings. OCGA § 44-7-56 provides, in pertinent part: "Any judgment by the trial court shall be appealable pursuant to Chapters 2, 3, 6, and 7 of Title 5, provided that any such appeal shall be filed within seven days of the date such judgment was entered."[2] If this Code section applies, America Net's notice of appeal is untimely.

In response to U. S. Cover's motion, America Net contends that this action is no longer a dispossessory proceeding because the issue of possession was resolved by agreement and the payment of rent into court was suspended, leaving only the issues of unpaid rent and breach of the lease contract. For this reason, America Net argues that the time limitation of OCGA § 44-7-56 should not apply. While we find the statutory provision unclear on this point, we conclude that the limitation does not apply, particularly in view of our strong public policy to avoid the dismissal of an appeal and to reach the merits of a case whenever it is reasonable to do so. *Sellers v. Nodvin*, 262 Ga. 205, 207 (1) (b) (415 SE2d 908) (1992).

The parties incorrectly concluded that the dollar amount of the counterclaims deprived the magistrate court of jurisdiction. As we noted in *Atlanta J's, Inc. v. Houston Foods*, 237 Ga. App. 415 (514 SE2d 216) (1999),

> [u]nder subsection 6, the magistrate court has jurisdiction over the trial of issues and issuance of judgments in dispossessory proceedings as provided in Articles 3 and 4 of Chapter 7 of Title 44. Under OCGA § 44-7-55 (a), judgment in a

---

[1] This stipulation was, as discussed below, not a correct statement of the law.

[2] This Code section was amended in 1998 to change the time for appeal from ten to seven days. Ga. L. 1998, p. 1380, § 4.

dispossessory action shall be entered against the tenant for all rents due and for any other claim relating to the dispute. Thus, the magistrate court in this case clearly had jurisdiction to enter judgment for all amounts due under the lease, regardless of whether such amounts exceeded $5,000.

(Citation, punctuation and emphasis omitted.) Id. at 417-418 (1). Moreover, "[t]he statute intends for all related claims between the landlord and the tenant to be determinable in the dispossessory proceeding." (Citation and punctuation omitted.) Id. at 419 (3).

But the Code does not state whether litigation remains subject to the provisions of the dispossessory statutes once possession is finally determined and the parties are no longer taking advantage of the special provisions of that Code chapter. We conclude that it does not, at least when, as in this case, the parties stipulate that possession is no longer an issue and agree to a transfer of the remaining claims to another court.

"A dispossessory is a summary proceeding to determine the disposition of the property pending trial of any contested issues." (Citations and punctuation omitted.) *Green v. Carver State Bank*, 178 Ga. App. 798, 799 (3) (344 SE2d 507) (1986). "[D]ispossessory proceedings are often characterized as 'summary,' and the statutes governing them provide for service of process, a seven-day answer period, and the right to a trial, which the court shall attempt to 'expedite.'" *Westbury Square Townhouses Assn. v. Bryan*, 223 Ga. App. 885, 887-888 (2) (b) (479 SE2d 190) (1996) (physical precedent only). Once that determination is made and possession of the realty is no longer an issue, the purpose for the accelerated procedure no longer exists. Parties therefore should be able to agree that the provisions intended to expedite possession of the premises will not control once the reason for employing those provisions has ended.

*Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521 (521 SE2d 456) (1999), relied on by U. S. Cover, is distinguished by its facts. In *Wright*, a dispossessory proceeding was filed in the superior court by a homebuilder embroiled in a dispute with its dissatisfied customers. Under the terms of the building contract, the dispute was referred to arbitration, and the decision rendered there was confirmed by the superior court. The builder appealed more than seven days after entry of judgment but contended that the appeal was not from a dispossessory proceeding but from the confirmation of the arbitration award. Applying the general principle that the subject matter of the litigation, rather than the relief sought, governs appellate procedure, id. at 522, we found that the action began as a dispossessory proceeding and the appellant sought to obtain legal rights and benefits provided under the dispossessory statutes. The action therefore remained a

dispossessory proceeding even in the context of confirmation of an arbitration award. Id. at 522-523. We note that payment of rent into the registry of the court was made a part of the arbitration award. Id. at 523.

Here, in contrast, the underlying subject matter was no longer a dispute over possession of the premises, as that issue was resolved once America Net surrendered possession and ceased to pay rent into the registry of the court. And the appellant here, unlike the appellant in *Wright*, did not initiate the action and did not seek to rely on the provisions of the dispossessory statutes up to the time of its appeal. It was therefore possible for the parties to stipulate to the transfer of the contractual dispute to the state court, leaving the summary provisions of the dispossessory statutes behind.

This conclusion is supported by the outcome in *Atlanta J's*, supra. In that case, a landlord filed an action in superior court seeking to recover amounts due under a lease. While that action was pending, the landlord also sought and obtained a writ of possession in a separate action in the magistrate court. We held that principles of res judicata prevented litigation of the amounts due under the lease in superior court, because those claims should have been asserted in the dispossessory action. Id. at 419.

In light of the holding in *Atlanta J's*, the procedure employed by the parties here is the only certain method by which parties may convert litigation on a dispossessory warrant to a conventional contract action under a lease, once possession of the premises is established. Otherwise, once an action was filed as a dispossessory action, it would always retain that character regardless of the issues in dispute or the wishes of the parties, because any attempt to litigate contract claims separately in a court of record[3] would be barred by res judicata.

U. S. Cover's motion to dismiss is therefore denied.

2. We next consider the trial court's grant of summary judgment in favor of U. S. Cover. The trial court concluded that America Net was in default of its obligations under the lease agreement and that its attempt to renew the lease was ineffective. We agree.

The original lease expired as of June 30, 1997. On June 12, 1997, Nicholson Construction Company informed U. S. Cover that it did not wish to renew the master lease. At that time, America Net was in arrears on rent for the months of May and June, due on the first of each month. On June 5, in accordance with the lease provisions, U. S. Cover's counsel sent a certified letter notifying America Net that it

---

[3] The magistrate courts of Georgia are not courts of record, and this can raise procedural issues that parties may wish to avoid. See *Bowen v. Ball*, 215 Ga. App. 640, 642 (451 SE2d 502) (1994).

was in default for failure to pay rent and demanding payment of all rentals and other charges, including late charges, in cash or certified U. S. funds within ten days of receipt. The receipt for this letter showed a date of June 9. On June 18, America Net attempted to tender three checks drawn on the bank account of Access America, Inc., two for May and June rent in the amount of $2,625, the amount of base rental stipulated in the sublease, and one for July rent under the renewal rate of $2,703.75. This tender did not include any late charges or utility charges as provided in the lease and was not tendered in cash or certified funds as demanded, and it was refused. America Net did not attempt to amend or supplement its tender in the time remaining before the ten-day period for cure expired. On June 27, by letter to U. S. Cover, America Net attempted to exercise its right to renew the sublease. This letter, however, failed to comply with the notice provisions of the lease because the record does not show that it was sent by certified mail or personally delivered. On June 30, U. S. Cover rejected the attempted renewal of the sublease and noted that the lease expired as of the date of the letter.

The trial court correctly found America Net in default under the terms of the lease. America Net's attempt to cure the default was insufficient for the reasons stated above. And America Net was not justified in withholding rent because U. S. Cover had failed to make necessary repairs on the property, as it contends, because both the lease and the sublease expressly provide that rent shall be paid without deduction or set-off. Under these circumstances, America Net could not withhold rent in lieu of repairs. *Hardwick, Cook & Co. v. 3379 Peachtree, Ltd.*, 184 Ga. App. 822, 824 (1) (363 SE2d 31) (1987). The affidavit provided by America Net recounting an alleged agreement to withhold rent pending a roof repair is an impermissible attempt to vary the express terms of a written agreement by parol evidence. See *Ga. Assn. of Educators v. Paragon Productions*, 238 Ga. App. 681, 682-683 (1) (520 SE2d 37) (1999). While America Net sent a letter to U. S. Cover threatening to withhold rent pending repairs and specific accommodations to 20 separate demands, U. S. Cover responded with a letter rejecting any attempt to withhold rent on this basis.

We also agree with the trial court that America Net's attempt to renew the lease was ineffective. The renewal provision in the addendum to the master lease did not explicitly provide that the renewal option could be exercised only if the tenant was not otherwise in default under the lease. Such cases as *Leah Enterprises v. Chouinard*, 189 Ga. App. 744 (377 SE2d 514) (1988), therefore, are not directly on point. But this omission in the renewal clause did not enable America Net to exercise the renewal option regardless of its default under the contract. The master lease provided that upon the

happening of any "event of default during the term of this lease, *or any renewal or extension thereof*" (emphasis supplied), including failure "to pay the rental as provided for herein," the landlord was authorized to pursue any one or more enumerated remedies, including termination of the lease upon proper notice and an opportunity to cure. The landlord did so, and the termination was equally applicable to any attempted renewal because the default was never cured by America Net. And

> a plaintiff whose breach of a contract is so material as to amount to a repudiation of the contract itself, may not recover upon breach of such contract by the defendant (see *Smith v. Monroe*, 82 Ga. App. 118, 121 (60 SE2d 790) [(1950)]; *Smith v. Ga. Loan &c. Co.*, 113 Ga. 975 (39 SE 410) [(1901)]).

*McCoy v. Buckhead Clinic Professional Assn.*, 123 Ga. App. 853, 856 (1) (182 SE2d 798) (1971); *Marcre Sales Corp. v. Jetter*, 223 Ga. App. 70, 72 (1) (476 SE2d 840) (1996). While America Net contends this rule is confined to employee noncompetitive agreements, this is not an accurate statement of the law, as shown by the cases cited in *McCoy*, supra. *Smith v. Monroe*, supra, involved an agreement to publish a book, and *Smith v. Ga. Loan &c. Co.*, supra, was an action on a note.[4]

3. Finally, America Net contends the trial court erred in enforcing the double rent provision of the lease. But the master lease provides:

> If tenant remains in possession of the premises after expiration of the term hereof without landlord's acquiescence, tenant shall be a tenant at sufferance and commencing on the date following the date of such expiration, the monthly rental payable under paragraph 3 above shall for each month . . . be twice the monthly rental otherwise payable under paragraph 3 above.

This provision is not a penalty but simply a contract term, and it does not violate public policy. *First Capital Institutional Real Estate &c. v. Pennington*, 186 Ga. App. 617, 618 (368 SE2d 165) (1988).

The trial court did not err in granting partial summary judgment in favor of U. S. Cover and denying summary judgment to

---

[4] We therefore do not reach U. S. Cover's contention that America Net could not exercise the renewal clause once the lessee/sublessor, Nicholson Construction Company, declined to renew the master lease. See *Regional Pacesetters v. Halpern Enterprises*, 165 Ga. App. 777 (300 SE2d 180) (1983).

America Net.
   *Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED MARCH 28, 2000 —

*Banks, Stubbs & Neville, John R. Neville,* for appellant.
*J. Arthur Lee, Jr.,* for appellee.