## DART *v.* SOUTHWESTERN BUILDING AND LOAN ASSOCIATION.

1. In a suit upon a bond binding the obligor for the payment of a specified penal sum in the event of his failure to comply with the covenants of the bond, only the actual damages arising from a breach thereof can be recovered.

2. The evidence in the present case failing to establish the amount of the damages recovered by the plaintiff, the verdict was not warranted by law.

Argued December 1,—Decided December 17, 1896.

Complaint.   Before Judge Sweat.   Glynn superior court.   May term, 1896.

*Crovatt & Whitfield,* for plaintiff in error.

*Atkinson & Dunwody,* contra.

LUMPKIN, Justice.

On October 20th, 1892, Dart obtained from the Southwestern Building & Loan Association an advance or loan of $1,000, upon certain shares of stock which he held therein. The transaction between himself and the association was in part evidenced by a bond in the penal sum of $2,000, and also by a deed to land which he executed for the purpose of securing the performance by him of his covenants and obligations as expressed in the bond.   The condition of this bond was, that Dart should "well and truly pay to the said association, so long as payments are due in the series to which said stock belongs, and until said stock shall mature, and as may be provided by the by-laws, rules and regulations of said association, the sum of fourteen dollars monthly on the first day of each month, being installments due on said stock, on which an advance was procured as aforesaid, and the further sum of five dollars monthly as interest on said advance, and keep the buildings on said property given to secure said advance insured for the benefit of said association, and pay all taxes and assessments against the same at maturity thereof, and comply with all

and singular the requirements of said by-laws, rules and regulations."

Dart having failed to meet his obligations under this bond, the association entered suit against him, alleging "that for the space of more than six consecutive months [he had] failed to pay the installments, interest and premium, as specified in said bond, so that on the first day of April, 1895," he was indebted to the association "in the sum of one thousand and eighty-three dollars and seventy-three cents," besides interest from said date, "as will appear from a statement of the account attached," and also $108.37 as attorney's fees, "all of which indebtedness the defendant fails and refuses to pay; and that the stock upon which the loan was obtained has not yet matured, and payments are still due thereupon, in accordance with the terms of the loan so made."

Upon the hearing of the case in the lower court, the jury, under the direction of the trial judge, returned a verdict in favor of the plaintiff for the full amount claimed in its petition. Thereupon, the defendant moved for a new trial; and his motion being overruled, he brings the case here for review.

1. The instrument declared upon in the present case was in no sense an agreement for liquidated damages, but simply a bond for a penalty. Indeed, there is no controversy between the parties upon this point. It follows that the measure of the plaintiff's recovery against the defendant could in no event be more than the actual damages arising from a breach of the bond. In this connection, see *Sanders & Ables* v. *Carter*, 91 *Ga.* 450, wherein the writer entered into a full discussion concerning the distinction to be drawn between agreements for liquidated damages and those providing for a penalty, in determining what amount of recovery should be allowed in any given case.

The proceeding with which we are now called upon to deal cannot be accurately characterized, either as an action

to recover liquidated damages, or as one which contemplates only actual damages as the measure of recovery. Though predicating its right of action upon an alleged breach of the defendant's bond, the plaintiff makes no attempt to specify with any degree of particularity what loss was thereby sustained, but somewhat arbitrarily prays judgment, as in a suit upon an open account, for the amount set forth in a bill of particulars attached to its petition, which purports to be an itemized statement of a mutual running account between the parties. The first item thereof is a charge against the defendant, "To amount of note $2,000.00," followed by other items charging him with interest on his loan, "fines for non-payment of dues," "withdrawal fees," etc., making a sum total of $2,149. Following are credits of dues and interest actually paid, profits accruing to the stock held by the defendant and a dividend declared thereon, with a final item of $833— "Amount credited to unpledged 10 shares, or gross unearned premium. In all these credits aggregate $1,065.27, leaving a balance in favor of the association of $1,083.73.

In the absence of the by-laws, rules and regulations of the association, which were not introduced in evidence on the trial, it is impossible to know that this result was correctly reached. Nor is it material to inquire; for in no event can this "account" illustrate what damages were actually sustained by the plaintiff by reason of a breach of the defendant's bond. As to the "note" for $2,000 charged against him, no paper of this kind was introduced in evidence, nor does the record disclose what connection, if any, such an instrument had with the loan made to the defendant. Be this as it may, it is certain that the present action is not an attempt to sue any such note to judgment, or obtain a recovery thereon.

The theory of the plaintiff that it can recover, in this action, for damages founded upon an alleged breach of the defendant's bond, such part of the penal sum therein named

as will suffice to "square accounts" with him as a stock-holder of the association, without regard to how his indebtedness to it arose, is indeed a novel one. It certainly cannot be accepted as sound. The contract of the defendant, as embodied in his bond, was to pay stipulated monthly installments upon the shares of stock advanced upon, "so long as payments are due in the series to which said stock belongs, and until said stock shall mature," agreeably to the by-laws, rules and regulations of the association. In other words, Dart obligated himself simply to duly mature the stock advanced upon, and there is not the slightest hint that, in any event, the association was to have a right to otherwise demand repayment of the amount loaned to him. It necessarily follows that the measure of the plaintiff's damages, growing out of the defendant's default in making the requisite monthly payments, would be such an amount as would suffice to mature in due time the stock advanced upon—the defendant being charged, of course, with interest, or fines, upon all deferred payments. We do not understand that the plaintiff complains of a failure on his part to comply with the other covenants set forth in his bond; but if so, the actual damages arising from a breach of the same should also be included in its recovery.

2. The only effort made by the plaintiff upon the trial to prove damages arising from a breach of the bond declared upon, was to introduce the evidence, taken by interrogatories, of a witness who testified that the account above referred to was a correct statement of "the indebtedness due by defendant to plaintiff on April 1st, 1895"; that the stock of the association had not yet matured, and that Dart had paid no monthly installments upon the stock held by him since January, 1894. This alleged "indebtedness" would seem to include transactions between the association and Dart, both in his capacity of borrower and non-borrower, and apparently its amount was intended to represent

the result of a final accounting between him and the plaintiff, without regard to the time when his stock should in the future mature. What is said in the first division of this opinion sufficiently shows that the evidence relied upon by the plaintiff was not of such a character as to enable the court or jury to determine what *actual* damages had been sustained by the plaintiff. Certainly, the verdict is for an amount totally unauthorized. The case seems to have been brought and tried upon an entirely erroneous theory, and should undergo another investigation in accordance with the law as herein announced. *Judgment reversed.*