## 23972. MIAZZA *v.* WESTERN UNION TELEGRAPH COMPANY.

DECIDED FEBRUARY 8, 1935.

*John M. Seal, Eugene Dickey,* for plaintiff.
*Heyman, Bolding & Heyman,* for defendant.

JENKINS, P. J. This is a suit against a telegraph company, in which it is alleged that the plaintiff deposited in Atlanta with the company ten dollars and paid the charges for its transmission by telegraph to a person in South Carolina; that the company unreasonably delayed the sending of the money from 11:44 a. m. until 3 p. m. on the same day, so that the money was never delivered to the addressee; and that the company was liable to the plaintiff sender in the sum of five hundred dollars, under and by virtue of the agreement between the parties on the back of the money-order form. Plaintiff alleges that he used a form or blank furnished by the defendant, and thereby entered into an agreement "wherein

and whereby defendant agreed to transmit and deliver said money order promptly and correctly, and agreed with plaintiff that if defendant failed to promptly and correctly deliver said telegram, defendant would be liable to plaintiff in the sum of five hundred dollars, at which sum said money-order message was thereby valued, all of which will appear by a copy of said money-order message, which is hereto attached marked Exhibit A and hereby made a part" of the petition. This exhibit, constituting the front and back of what appears to be the usual printed form of money-order blanks of the telegraph company, contained the following stipulation: "In any event, the company shall not be liable for damages for delay, non-payment or underpayment of this money order, whether by reason of negligence on the part of its agents or servants or otherwise, beyond the sum of $500, at which amount the right to have this money order promptly and correctly transmitted and promptly and fully paid is hereby valued, unless a greater value is stated in writing on the face of this application and an additional sum paid or agreed to be paid based on such value equal to one-tenth of one per cent. thereof." Also included on the back of the printed exhibit is an additional stipulation with reference to delayed messages included in money orders, providing in similar language a valuation of any such message in the sum of five thousand dollars in the event of mistake or delay in the transmission or delivery or nondelivery of the message. While it is alleged that by the terms of the printed-form contract it was agreed that the defendant would be liable to the plaintiff in the sum of five hundred dollars on account of any failure "to promptly and correctly deliver" the money-order message, at which sum the message was thereby valued, the petition altogether fails to show that the amount printed in the ordinary blank money-order form was fixed as the result of any bona fide effort of the parties to this case to liquidate in advance and agree upon the sum of actual damages which would be sustained, in the event of a breach of the contract. On the contrary, the petition itself shows that the printed amount already provided in the blank forms was not the result of any attempt of the parties to determine in advance the amount of such actual damages.

1. Agreements to pay fixed sums as damages for breaches of contracts, where the amount plainly has no reasonable relation to

any probable actual damage which may follow a breach, will not be enforced for the agreed amount as liquidated damages, but will be construed as mere unenforceable provisions for penalties. Civil Code (1910), §§ 4390, 4391, 4502; *Floding* v. *Floding,* 137 *Ga.* 531 (3), 536 (73 S. E. 729) ; *Florence Wagon Works* v. *Salmon,* 8 *Ga. App.* 197 (68 S. E. 866) ; Kothe *v.* Taylor Trust, 280 U. S. 224 (50 Sup. Ct. 142, 74 L. ed. 382) ; Frick Co. *v.* Rubel Corporation, 62 Fed. (2d) 765.

2. Since the petition and its exhibits plainly indicate that the amount printed in the ordinary blank form of the telegraph company as the value of the plaintiff's right to have the money promptly and correctly transmitted and paid to the addressee did not represent any bona fide effort between the parties to fix in advance the actual damage to the plaintiff from any breach of the contract by the defendant, but since the petition and the exhibits show that the stipulation contained in the usual printed form represented no more than an attempt to set up a fixed and uniform penalty for any and all breaches of the contract, without any reference to the facts or circumstances or the actual damages sustained, such a provision will not support an action for a failure to perform the contract.

3. The petition altogether failing to allege any actual damage to the plaintiff, but being based solely on the recovery of the arbitrary stipulated sum of five hundred dollars mentioned in the printed form, the suit must be treated as seeking the recovery only of a claim in the nature of special damages, so as to exclude the right to recover nominal damages. See, in this connection, *Hadden* v. *Southern Messenger Service,* 135 *Ga.* 372 (3) (69 S. E. 480) ; *Bass* v. *Postal-Telegraph-Cable Co.,* 127 *Ga.* 423, 428 (56 S. E. 465, 12 L. R. A. (N. S.) 489) ; *Poland Paper Co.* v. *Foote & Davies Co.,* 118 *Ga.* 458 (45 S. E. 374) ; *Ryals* v. *Livingston,* 45 *Ga. App.* 43, 47 (163 S. E. 286) ; *Kilpatrick* v. *Southern Crate & Veneer Co.,* 46 *Ga. App.* 225 (167 S. E. 320) ; *Sparks Milling Co.* v. *Western Union Telegraph Co.,* 9 *Ga. App.* 728 (72 S. E. 179) ; *Truitt* v. *Rust & Shelburne Sales Co.,* 25 *Ga. App.* 62 (2) (102 S. E. 645).

4. The court did not err in dismissing the petition on general demurrer.

*Judgment affirmed. Stephens, J., concurs. Sutton, J., concurs in the judgment.*