## 25001. THRIFT *v.* SCHURR.

DECIDED DECEMBER 24, 1935.

*B. B. McCowen,* for plaintiff in error.

*J. Paul Stephens, Walter R. McDonald,* contra.

JENKINS, P. J. 1. "A dispossessory warrant will not lie unless the relation of landlord and tenant exists. If the defendant holds possession otherwise than as tenant, such as purchaser, donee, or equitable owner, this harsh remedy is not applicable." *Allen* v. *Allen,* 154 *Ga.* 581, 586 (115 S. E. 17); *Watson* v. *Toliver,* 103 *Ga.* 123 (29 S. E. 614); *Henry* v. *Perry,* 110 *Ga.* 630 (36 S. E. 87); *Griffeth* v. *Wilmore,* 46 *Ga. App.* 96 (2), 99 (166 S. E. 673), and cit. A tenancy such as will authorize the remedy may exist, either where the tenant fails to pay rent when due under an express agreement with the landlord; or where he holds possession beyond the term of his lease; or where he holds possession as a "tenant at will or sufferance, whether under contract of rent or not." Code of 1933, § 61-301.

2. A tenancy at will is based on the consent of the landlord, either express or implied. A tenancy at sufferance exists where a wrong-doer is in possession without the consent of the landlord, but as a result of his laches or neglect. *Willis* v. *Harrell,* 118 *Ga.* 906 (3), 909 (45 S. E. 794); *Sharpe* v. *Mathews,* 123 *Ga.* 797, 798 (51 S. E. 706); *Purtell* v. *Farris,* 137 *Ga.* 318, 323 (73 S. E. 634).

3. The instant dispossessory warrant was based on the sole ground that the defendant had "rented" the premises and failed to "pay the rent as per agreement." The counter-affidavit set up that he held the property as purchaser, and not as a tenant. The jury found for the plaintiff, and awarded to her an amount equal to the rentals claimed for a five-months period. Under the general and special grounds, the defendant contends that under the evidence he was in possession as a purchaser, and not as a tenant under the alleged agreement to pay rent, or as a tenant at will or sufferance. On the only ground of the affidavit, delinquency in the payment of rents under an express agreement of tenancy, the evidence wholly failed to show any meeting of the minds of the parties on such an agreement, and a verdict for the defendant on the only expressed ground for the issuance of the dispossessory warrant was demanded. Although the plaintiff testified that she had demanded payment of "rent" from the defendant, none of the testimony showed that he had ever agreed to make or had made any payments as "rent," and the evidence showed that he refused to sign a written agreement so providing, which the plaintiff submitted to him.

4. The plaintiff contends that, even if the evidence failed to show an express contract of rental, the verdict in her favor was demanded, because the evidence showed a tenancy at will or sufferance. Irrespective of whether or not the plaintiff should be permitted to stand on this theory for recovery, where her affidavit relied only on an express tenancy, and where the defendant did not object to the admission of the plaintiff's evidence, but in his motion for new trial excepted merely on the ground that the evidence failed to establish the averment of the affidavit; and irrespective of the related question of whether the causes of action on an express tenancy and a tenancy at will or sufferance would be substantially the same, the evidence failed to show any tenancy

at will or sufferance. The contract of sale provided, that, in case of default in payments on the $6,000 purchase-price, the plaintiff vendor "shall have the power to take possession without any legal action, and [the defendant vendee] agrees to relinquish all claims." The evidence showed that the defendant, although delinquent in his payments of $32.50 a month under his contract of purchase, had made considerable payments thereunder and expended about $1500 on improvements of the property. There was no testimony to show that he had ever relinquished or abandoned his "claims" under the contract, or 'that the parties had agreed on any cancellation or rescission of the obligation of purchase, which the plaintiff continued to retain. The mere fact that the defendant talked tentatively with an agent of the plaintiff as to "changing the terms," and submitted a proposition to make smaller payments, would not show any relinquishment of "claims" by the defendant, or any mutual cancellation or rescission, where the proposal of the defendant was never accepted by the plaintiff or her agent. Moreover, even if, under the quoted provision of the contract, the rights of the vendee could have been legally terminated, because of delinquency in the agreed payments, merely by a notice and a demand for possession, and even if such a demand and a refusal of possession could be treated as having created a tenancy at will or sufferance, so as to authorize a dispossessory warrant, there was no evidence of any demand for possession by the plaintiff.

5. Under the preceding rulings, it was error to refuse a new trial to the defendant.

*Judgment reversed. Stephens and Sutton, JJ., concur.*