## 35203. FULTON COUNTY *v.* ATLANTA ENVELOPE COMPANY.

Decided September 16, 1954.

624

628

*Harold Sheats, E. A. Wright, Durwood T. Pye,* for plaintiff in error.

*Haas, Holland & Blackshear, M. H. Blackshear, Jr.,* contra.

GARDNER, P. J. ■ The defendant contends that, under the allegations of the petition, the suit was for a penalty and not a suit for rent under the terms of the contract. In this connection it must be kept in mind that, if the defendant went beyond the

term of use of the property in question as provided by the contract, the $3,000 could not be prorated under the terms of the contract. The defendant contends that in ruling on the demurrers the court should have, as a matter of law, construed the contract as a contract which provides for a penalty. We construe the contract as a specific contract for rental for a specified amount. In support of this contention, our attention is called by counsel for the defendant to Code § 20-1403. We do not think the provisions of that section sustain its position. That Code section specifically refers to penalties in bonds. It is not applicable under a rental contract as here involved. Our attention is called in this connection to *Miazza* v. *Western Union Telegraph Co.*, 50 *Ga. App.* 521-523 (178 S. E. 764). That case involves an action for failure to deliver a telegram. The court simply held that the stipulated damages in the contract on the back of the telegraph money-order blank as a matter of law represented no effort to arrive at the liquidated damages for breach of contract. Our attention is called to *Dart* v. *Southwestern Building &c. Assn.*, 99 *Ga.* 794 (27 S. E. 171). In that case the court had before it a bond containing a penal sum. Neither of those cases sustains the contentions of the defendant. The distinction between those two authorities and the instant case is that while, in the two cases cited and in the instant case, breaches of contract are involved, in the cited cases damages were sought to be recovered for the breach of the contract, while in the instant case the action is for the enforcement of the contract according to its terms. We have been unable to find Georgia authority or authority from elsewhere, so far as our research has progressed, and no case has been called to our attention, where a contract of rental such as the one before us has been construed as a matter of law to be a contract for the payment of a penalty. We are not unmindful of the rule which prevails in the case of conditional-sales contract. That rule is not applicable here. It is our opinion that, to hold as a matter of law that the rental contract here involved is a contract for the payment of a penalty, would be to hold to the effect that every rental contract could be opened up for the purpose of determining whether or not the rental stipulated therein was, in the view of the fact-finding body, reasonable and just rental.

■ We come next to consider whether or not the defendant entered upon the use of the property in question here for a period beginning June 1, 1953. We might state in this connection that, while the court sustained certain special demurrers to paragraphs 4, 5, 6, 7, and 8, of the petition, these allegations were based upon specific agreements in the contract; and since the contract was attached as an exhibit, and therefore is a part of the petition, the stricken paragraphs were unnecessary. This still left the contract as part of the petition, and evidence was introduced without objection on stipulations in the agreement between the plaintiff and the defendant. While there is considerable argument as to whether the contract is enforceable, there is argument pro and con as to whether or not the last day of the contract was on Sunday and, therefore, the contract did not terminate until June 1, 1953. In our opinion the plaintiff proved a breach of the contract in other ways, as the evidence reveals, such as, the defendant left the land in question open to the public until 3 or 4 p. m. on June 1, 1953; that the property was barricaded at that time on only one end of it to prevent the public from passing through, but the other end was left open to the extent that people could and did enter the end not barricaded, and people could and did park on the lot in question far beyond the period stipulated in the contract; and further, to the effect that the defendant was obligated to clear off the pavement on the detour, to grade and plant grass thereon, which was not done according to the terms of the contract. We might in this connection refer to the question as to whether or not the defendant had the right to use the land in question on June 1, 1953, because May 31, 1953, was a Sunday. We think that this question is settled adversely to the contentions of the defendant by the decision of *Rowell* v. *Harrell Realty Co.*, 25 *Ga. App.* 585 (103 S. E. 717). Counsel for the defendant cites no authority on this phase of the defendant's contention.

The court did not err in denying the motion for a new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*