## 54473. LANIER PETROLEUM, INC. v. HYDE.

BIRDSONG, Judge.

Appellant, Lanier Petroleum, Inc. (Lanier), brought suit against Hyde as endorser of a check, and moved for summary judgment, which was denied. Lanier then amended its complaint to allege that Hyde was also liable on account, and a jury verdict was rendered in favor of Hyde. Following denial of Lanier's motion for judgment notwithstanding the verdict, this appeal was brought. *Held:*

1. Lanier contends that the trial court erred in denying its motion for summary judgment. "[A]fter verdict and judgment, it is too late to review a judgment denying summary judgment." *Pascoe Steel Corp. v. Turner County Bd. of Ed.,* 142 Ga. App. 88, 89 (235 SE2d 554). This contention is without merit.

2. Lanier argues that the trial court erred in allowing Hyde to amend his answer, during trial, to reflect the defense of accord and satisfaction. Code Ann. § 81A-115 (a) provides that a pleading may be amended "as a matter of course . . . at any time before the entry of a pre-trial order," and thereafter "only by leave of court or

by written consent of the adverse party . . ." Having obtained leave of court, the responsive pleadings were properly amended to reflect the affirmative defense of accord and satisfaction. *Leslie v. Solomon,* 141 Ga. App. 673 (234 SE2d 104); *Security Ins. Co. v. Gill,* 141 Ga. App. 324 (233 SE2d 278). See *Gauker v. Eubanks,* 230 Ga. 893 (4) (199 SE2d 771). Furthermore, no pre-trial order appears in the record, and amendment is proper as a matter of course where there has been no entry of a pre-trial order *(Altamaha Convalescent Center v. Godwin,* 137 Ga. App. 394 (224 SE2d 76)), and such amendment is not subject to the discretion of the trial court. *Downs v. Jones,* 140 Ga. App. 752 (231 SE2d 816). Lanier's failure to allege surprise or move for a continuance at trial, pursuant to Code Ann. § 81A-115 (b), precludes us from considering this argument, particularly in the absence of a pre-trial order. There was no error.

3. Lanier asserts as error the trial court's admission, over objection, of evidence pertaining to the defense of accord and satisfaction. As the responsive pleadings were properly amended to reflect this defense, there was no error.

4. Appellant complains of the trial court's denial of its motion for directed verdict. "The direction of a verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict." *State Farm Mut. Auto Ins. Co. v. Snyder,* 125 Ga. App. 352 (187 SE2d 878). "Furthermore, evidence in cases of directed verdict must be construed most favorably toward the party opposing the motion." *Nationwide Mut. Ins. Co. v. Ware,* 140 Ga. App. 660, 664 (231 SE2d 556). Under these rules, there was sufficient conflict in the evidence as to the material issues to justify the trial court's denial of the motion to direct a verdict.

5. Appellant contends that the trial court erred in denying its motion for judgment notwithstanding the verdict. The appropriate rule is that ". . . if there is any evidence to support the verdict, it must be affirmed." *Smith v. Hornbuckle,* 140 Ga. App. 871, 879 (232 SE2d 149); *Johnson v. State,* 231 Ga. 138 (1) (200 SE2d 734); *Talley v. State,* 137 Ga. App. 548, 549 (224 SE2d 455).

That standard is satisfied by the evidence presented in this case, and denial of appellant's motion for judgment notwithstanding the verdict was not error.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 7, 1977 — DECIDED JANUARY 4, 1978.

*Robinson, Harben, Armstrong & Millikan, Edmund A. Waller,* for appellant.
*Boling & Rice, Larry H. Boling,* for appellee.