## 60507. BARYLAK v. JORDAN.

CARLEY, Judge.

Plaintiff-appellee Jordan brought this suit against defendant-appellant B. A. Barylak to recover the amount due on a promissory note, plus attorney fees. The recast complaint alleged that on January 14, 1977 the appellant executed a promissory note in favor of Columbus Bank and Trust Company in the principal sum of $14,170.68; that after this note became due and payable, the bank called upon appellee, as guarantor, to pay the balance due thereon, which appellee did on March 29, 1977; that this note was then assigned and transferred to appellee; that appellee made demand upon the appellant for payment upon the note; and that appellant failed to pay. In his answer, appellant admitted the execution of the note, but contended that he executed it with the understanding that he was an accommodation party and that appellee was the primary obligor and that he was fraudulently induced by appellee to execute the note.

This matter was submitted to a jury for trial and a verdict was rendered in favor of appellee. Asserting as error the trial court's failure to grant his motions for directed verdict and for judgment notwithstanding the verdict, appellant appeals to this court.

1. Appellant contends the trial court erred in denying his motion for directed verdict because he signed the note solely as an accommodation to appellee and, thus, is not liable to plaintiff under Code Ann. § 109A-3—415 (5).

A party who signs an instrument in any capacity for the purpose of lending his name to another party thereto is an "accommodation party" under the Georgia Uniform Commercial Code, Code Ann. § 109A-3—415 (1); *Lewis v. C. & S.Nat. Bank,* 139 Ga. App. 855 (1) (229 SE2d 765) (1976). Code Ann. § 109A-3—415 (2) states that an accommodation party is liable in the capacity in which he has signed the instrument. Accordingly, an accommodation party may sign an instrument in the capacity of a maker, drawer, acceptor, or indorser and his liability is governed by the applicable provisions of Code Ann. § 109A-3—401 et seq., White & Summers, The Uniform Commercial Code § 13-12, p. 428 (1972). An accommodation party is not liable to the party accommodated. Code Ann. § 109A-3—415 (5). In resolving the question of whether a given party is an accommodation party and in resolving the issue as to the identity of the party accommodated, the intention of the parties is the determinative element. 2 Anderson, Uniform Commercial Code § 3-415.9 (2d ed. 1971); see *Srochi v. Kamensky,* 118 Ga. App. 182 (4) (162 SE2d 889) (1968); 90 ALR3d 342 (1979).

In the instant action, the note shows on its face that appellant executed the same in the capacity of maker. In addition, both appellant and appellee signed on the reverse side of the note under a provision labeled "payment guaranteed." However, appellant contended he was merely an accommodation party and testified that he had signed the note for the limited purpose of "providing [appellee] with a bookkeeping device" and with the understanding that appellee was primarily responsible for payment of the note. On the other hand, appellee testified that the note was intended to serve as a means of extricating himself from the then-existing business relationship between himself and appellant and that, by executing the note, appellant "bought out" appellee's interest in their business venture.

Thus, the evidence in the present case as to the intention of the parties at the time of signing this note was in sharp conflict and a verdict was not demanded for either party. Accordingly, the case was properly submitted to the jury for resolution. *Lanier Petroleum v. Hyde,* 144 Ga. App. 441 (4) (241 SE2d 62) (1978); *Carson v. Parks,* 141 Ga. App. 466 (1) (233 SE2d 857) (1977).

2. The appellant's motion for judgment notwithstanding the verdict was based upon the same grounds as his motion for directed verdict, to wit: that he signed the note solely as an accommodation to appellee and, therefore, cannot be liable to appellee.

" '. . . the motion for judgment n.o.v. may be granted only when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment. Where there is conflicting evidence, or there is insufficient evidence to make a "one-way" verdict proper, judgment n.o.v. should not be awarded. In considering the motion, the court must view the evidence in the light most favorable to the party who secured the jury verdict.' . . . " *Church's Fried Chicken v. Lewis,* 150 Ga. App. 154, 159 (256 SE2d 916) (1979).

In the instant case, the issue of whether or not defendant was an accommodation party was a jury question. The jury heard and weighed the evidence and was properly instructed on the law. "As there was some evidence supporting the verdict and the contrary evidence did not demand a verdict for the defendant, the trial court did not err in denying judgment n.o.v. . . ." *Church's Fried Chicken v. Lewis,* supra; *Lanier Petroleum v. Hyde,* supra.

3. Appellee's motion for damages under Code Ann. § 6-1801 is denied. While we have determined that appellant's enumerations of error have no merit, we cannot conclude that the appeal was taken for delay only.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

510

SUBMITTED SEPTEMBER 16, 1980 — DECIDED
NOVEMBER 19, 1980.

*Eugene K. Swain,* for appellant.
*J. Sherrod Taylor,* for appellee.