69452. TEDFORD et al. v. ROSWELL VILLAGE, LTD.
(328 SE2d 403)

BENHAM, Judge.

As sublessees of another, appellants occupied premises owned by appellee. The sublessor's lease expired in February 1983, but appellants remained in possession, paying rent. Appellee demanded possession, then instituted dispossessory proceedings along with a claim for rent. An additional claim for tortious interference with contract was added to the complaint by amendment. This appeal is from a judgment entered on a jury verdict for appellee.

1. In three enumerations of error, appellants complain of the trial court's denial of their motion for judgment n.o.v. on three separate issues. "[T]he motion for judgment n.o.v. may be granted only when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment. Where there is conflicting evidence, or there is insufficient evidence to make a 'one-way' verdict proper, judgment n.o.v. should not be awarded. In considering the motion, the court must view the evidence in the light most favorable to the party who secured the jury verdict. [Cit.]" *Barylak v. Jordan*, 156 Ga. App. 508 (2) (274 SE2d 846) (1980).

A. Appellants argue that they should have been granted judgment n.o.v. on the interference with contract count because there was no showing of intent or malice. " 'Where one maliciously and wrongfully, and with the intent to injure another person's business prevents others from dealing with him and his business is thereby injured, the person thus injured has a cause of action against the person thus causing the injury, for the loss and damage sustained.' [Cits.]" *NAACP v. Overstreet*, 221 Ga. 16, 21 (142 SE2d 816) (1965). In an action for interference with contract, " 'malicious' or 'maliciously' means any unauthorized interference, or any interference without legal justification or excuse." *Luke v. DuPree*, 158 Ga. 590, 596 (124 SE 13) (1924).

The evidence in this case authorized the jury to conclude that appellants, with knowledge that appellee was negotiating a lease of the subject premises to another, refused to give up possession of the premises when demand therefor was made. An agent of appellee testified that Tedford was aware that appellee was attempting to lease the space and said that he would tie up the space in court. Applying that evidence to the standards enunciated above and to the standard for judgment n.o.v., we find no error in the trial court's refusal to grant judgment n.o.v. to appellants on the issue of interference with

contract.

B. The lease provided that a tenant who held over past the term of the lease would be liable for a 50% increase in rent. Since appellants, as sublessees, were bound by the rights of the sublessor (*Gulden v. Newberry Wrecker Svc.*, 154 Ga. App. 130, 132 (267 SE2d 763) (1980), they were presumptively liable for the increased rental authorized by the lease. Appellants' claimed oral exercise of an option to renew the lease was contested by appellee. That being so, there was evidence to authorize a jury to return a verdict reflecting the higher rental rate and, under the standard in *Barylak*, supra, there was no error in denying judgment n.o.v. to appellants on that issue.

C. Appellee's right to possession was established by evidence that the lease had expired and that a demand for possession had been made. There being some evidence, therefore, that appellee had a right to possession, appellants were not entitled to judgment n.o.v. on that issue either.

2. Appellants raise three issues under an enumeration of error directed to the denial of their motion for new trial. The first of those is the general grounds. For the reasons that judgment n.o.v. was held in the preceding division to have been properly denied, there was no error in denying the motion for new trial on the general grounds: there was evidence from which the jury could have concluded that appellee had a right to possession, that appellants were liable for the rent provided for in the lease, and that appellants had maliciously interfered with appellee's contract with another. The argument on the general grounds is without merit.

A charge on interference with contract was, contrary to appellants' argument on appeal, authorized by the evidence that appellants wrongfully refused to vacate the premises upon demand, knowing that by so doing they were interfering with appellee's efforts to lease the space to another. See Division 1A of this opinion.

Appellants argue that the trial court's instruction to the jury on the issue of interference with contract was erroneous because the court stated that the interference could occur by the defendants' action or non-action. We find no such error. In the context of this case, where the interference alleged was appellants' refusal to act, that is, to surrender the premises upon demand, the charge was adjusted to the evidence. Appellants have cited us no authority, and we are aware of none, that would require an affirmative act by a defendant in order to support a finding of interference with contract. Furthermore, appellants' "non-action" could just as easily be seen as an affirmative act, especially in light of Tedford's expressed intent to tie up the space in litigation. We find no error in the jury instruction.

*Judgment affirmed. Banke, C. J., and Pope, J., concur.*

DECIDED MARCH 11, 1985.

*Scott Walters, Jr.*, for appellants.
*Sharon A. Gay, David R. Hendrick*, for appellee.