75231. FIRST CAPITAL INSTITUTIONAL REAL ESTATE, LTD.
— 1 v. PENNINGTON et al.
(368 SE2d 165)

CARLEY, Judge.

After appellees vacated the premises which they had previously leased from appellant, appellant filed suit seeking rentals which had

accrued under the terms of the lease, but which had not been paid. The lease contained a provision requiring the payment of double rent in the event that the appellees remained in possession of the premises beyond the original lease period without entering into a new lease. Appellees retained possession beyond the original lease period, but during their extended possession of the property failed to pay the increased rent called for in the lease. On cross-motions for summary judgment, the trial court held the double-rent provision to be a penalty, and entered summary judgment for appellees. Appellant appeals from the trial court's judgment entered on the motions for summary judgment.

The rationale of our holding in *Fulton County v. Atlanta Envelope Co.*, 90 Ga. App. 623 (83 SE2d 866) (1954) controls the present case. As in *Atlanta Envelope Co.*, the plaintiff here does not seek *damages* as a result of the breach of the contract. Rather, the plaintiffs in both cases simply alleged that, under the plain and express terms of the contract, the lessee was obligated to pay a specified sum as rental during the applicable period. As this court stated in *Atlanta Envelope Co.*, "[t]he distinction between [*Miazza v. Western Union Telegraph Co.*, 50 Ga. App. 521 (178 SE 764) (1934) and *Dart v. Southwestern &c. Assn.*, 99 Ga. 794 (27 SE 171) (1896)] and the instant case is that while, in the two cases cited and in the instant case, breaches of contract are involved, in the cited cases *damages* were sought to be recovered for the breach of the contract, while in the instant case the action is for the *enforcement of the contract according to its terms.*" (Emphasis supplied.) *Fulton County v. Atlanta Envelope Co.*, supra, 630.

In the absence of a violation of public policy or law, parties to contracts are free to contract on whatever terms they choose. "A contract cannot be said to be contrary to public policy unless the General Assembly has declared it to be so, or unless the consideration of the contract is entered into for the purpose of effecting an illegal or immoral agreement or doing something which is in violation of law. [Cits.]" *Hall v. Gardens Svcs.*, 174 Ga. App. 856, 857 (332 SE2d 3) (1985). In this case, the contract cannot be said to be contrary to public policy.

Any attempt to characterize the double rent provision as a penalty, based upon the fact that the terms of the lease contract provided that if the lessee should hold over and thereby become liable for the increased rental during the period of continued occupancy, the lessees would become tenants at sufferance, is unfounded. In *Tedford v. Roswell Village*, 173 Ga. App. 780, 781 (328 SE2d 403) (1985), this court approved a jury verdict in favor of a landlord for "increased rental authorized by the lease" against a tenant who was denominated as a tenant at sufferance during the period of "increased rental."

Quite simply, this is not an action wherein the issue is whether the amount sought constitutes "liquidated damages" or a "penalty," but rather it is a suit for enforcement of the contract according to its terms. The trial court erred in denying appellant's motion for summary judgment. Accordingly, we reverse.

*Judgment reversed. Birdsong, C. J., McMurray, P. J., Sognier and Beasley, JJ., concur. Deen, P. J., Banke, P. J., Pope and Benham, JJ., concur in part and dissent in part.*

BENHAM, Judge, concurring in judgment only in part and dissenting in part.

Because I believe the double-rent provision in the lease involved in this case was as a matter of law a penalty and, therefore, unenforceable, I dissent to the majority's judgment of reversal insofar as it holds the provision to be enforceable. Insofar as the majority's holding results in a reversal of the grant of summary judgment to appellees on the amount of rent due, I concur in the judgment of reversal only.

The majority's reliance on *Fulton County v. Atlanta Envelope Co.*, 90 Ga. App. 623 (83 SE2d 866) (1954), requires that certain salient differences between the contract in that case and the lease in this case be ignored. There, the contract provided that the county could use the plaintiff's property for a specified period of time free of charge, and that if the county used the property for a longer period of time, rent in an amount certain would be due. Significantly, there was no provision that the term of the contract would expire at a certain time or that the county agreed to vacate the plaintiff's property as of a particular date. The lease involved in the present case, on the other hand, contains a provision terminating the lease on a certain date, and another one obligating the lessee to surrender the premises by that date. The most important difference between the cases is that the county's act of remaining in possession was not a breach of any clause of the contract. Appellees, on the other hand, obligated themselves in the lease to vacate the premises by the end of the term. The lease then provided consequences of that breach: classification as a tenant at sufferance and double rent.

"A tenancy at sufferance exists where a wrong-doer is in possession without the consent of the landlord, but as a result of his laches or neglect. [Cits.]" *Thrift v. Schurr*, 52 Ga. App. 314 (2) (183 SE 195) (1935). The denomination of the tenant as a tenant at sufferance is inconsistent with appellant's position that the suit here is merely for the enforcement of the lease. The majority's reliance on *Tedford v. Roswell Village*, 173 Ga. App. 780 (328 SE2d 403) (1985), ignores two factors. One is that the issue of whether the provision for increased rental was an unenforceable penalty was not squarely raised on ap-

peal. The second factor is that the appellant in that case did not raise the issue because it found the increased rental to be less onerous than the other damages sought in that case. While we accurately reported the facts in that case, we were not called upon to decide all the possible issues arising therein, and in keeping with this court's long-standing policy against deciding issues not before it, we did not.

Absent a public policy or law, parties to contracts are free to contract on whatever terms they choose. *Orkin Exterminating Co. v. Stevens*, 130 Ga. App. 363 (203 SE2d 587) (1973). Penalties, however, are against such a public policy, notwithstanding the implication to the contrary in the majority opinion. "Agreements to pay fixed sums as damages for breaches of contracts, where the amount plainly has no reasonable relation to any probable actual damage which may follow a breach, will not be enforced for the agreed amount as liquidated damages, but will be construed as mere unenforceable provisions for penalties. [Cits.]" *Miazza v. Western Union Telegraph Co.*, 50 Ga. App. 521 (1) (178 SE 764) (1934). "Where a designated sum is inserted into a contract for the purpose of deterring one or both of the parties from breaching it, it is [a] penalty." *Florence Wagon Works v. Salmon*, 8 Ga. App. 197 (2) (68 SE 866) (1910). It is clear that the double rent provision is a penalty for holding over past the term of the lease. As such, it is unenforceable. I would, therefore, affirm the trial court's holding that the double-rent provision in the lease cannot be enforced.

There is one point, however, on which I can concur in at least the judgment of the majority: the issue of damages.

Appellees' motion for summary judgment, the grant of which is enumerated as error, went further than merely seeking a declaration that the double rent provision was unenforceable. Appellees also sought a ruling by the trial court that the amount of rent they tendered was sufficient. "A tenant at sufferance is liable for the reasonable rental value of the premises, irrespective of the amount contracted to be paid during a previous term. [Cit.]" *Jefferson v. Kennedy*, 41 Ga. App. 672 (2) (154 SE 378) (1930). The record of this case does not contain evidence which would permit the trial court to establish the reasonable rental value, so the grant of summary judgment must be reversed to the extent that it purports to establish the amount of the damages for which appellees are liable.

For the reasons stated above, I dissent to the majority's opinion insofar as it reverses the trial court's holding that the double-rent provision was a penalty, and I concur in the judgment of reversal insofar as it effects a reversal of the portion of the judgment establishing the amount of rent due to appellant.

I am authorized to state that Presiding Judge Deen, Presiding Judge Banke, and Judge Pope join in this opinion.

Decided March 18, 1988 —
Rehearing denied March 31, 1988 —

*J. Patrick O'Brien, William M. Coolidge III*, for appellant.
*Douglas L. Cronkright*, for appellees.