## A89A1942. CATLETT v. CATLETT.
(388 SE2d 14)

SOGNIER, Judge.

Louise Catlett brought suit against her former husband, Raymond Catlett, seeking to recover damages for physical injuries, medical expenses, lost wages, and punitive damages resulting from three alleged intentional torts (assault, battery, and false imprisonment). Raymond answered and counterclaimed for certain possessions he had been awarded in the divorce which he alleged Louise had refused to give him. The jury awarded Louise $10,000 compensatory damages and $20,000 punitive damages, and awarded to Raymond all the possessions sought in his counterclaim. Raymond appeals.

1. Appellant contends the award of punitive damages must be stricken because the jury's verdict awarding compensatory damages in an amount less than the special medical expenses sought is evidence that the jury found some justification for appellant's behavior, and is thus inconsistent with the award of punitive damages. We do not agree.

Sufficient evidence was presented to allow the jury to find that aggravating circumstances existed, authorizing the award of punitive damages. See OCGA § 51-12-5. Appellant admitted striking appellee

and physically preventing her from leaving his apartment until a neighbor intervened. On another occasion he physically restrained her from leaving his car until a stranger intervened. He testified that he once dragged her down a stairway by her feet because he thought it was "comical." There was no evidence that appellee was a threat to appellant's safety.

Appellant's argument, that because appellee was awarded less in compensatory damages than she requested the jury must have found some justification on his part, is not borne out by the record. Appellant correctly points out that OCGA § 51-1-13 provides that "[a] physical injury done to another shall give a right of action to the injured party, whatever may be the intention of the person causing the injury, unless he is justified under some rule of law. However, intention shall be considered in the assessment of damages," and " 'it is for the jury to determine, in view of the character of the provocation and the nature and extent of the battery, whether [the provocation and intention] amount to a justification or . . . to a mitigation of damages recoverable.' " *Exposition Cotton Mills v. Crawford*, 67 Ga. App. 135, 141 (19 SE2d 835) (1942). However, in the case at bar justification does not emerge as the only possible reason for the jury's reduction of the compensatory damage award. Evidence was also adduced showing that appellee had a pre-existing back problem, and that after the incidents in issue occurred but before trial she had been in an automobile accident. Further, although the trial court did charge on mitigation of damages and justification, the jury was also instructed they could reduce any recovery in an amount they felt was attributable to appellee's pre-existing condition, and the jury would have been authorized to reduce appellee's recovery for that reason. Because appellant did not request that special interrogatories be submitted to the jury to determine the reasoning behind their awards, the record does not reflect the reason for the reduced award of compensatory damages.

"On appeal this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict. [Cit.]" *Felton v. Mercer*, 149 Ga. App. 358, 360 (1) (254 SE2d 398) (1979). " 'If ambiguous and susceptible of two constructions, that construction which would uphold the verdict is to be applied.' [Cits.] Accordingly, the verdict arrives with the presumption of validity, should not be voided unless necessary, and if any ambiguity exists should be so construed—if possible—to uphold the verdict. [Cit.]" *Suber v. Fountain*, 151 Ga. App. 283, 290-291 (259 SE2d 685) (1979). Because the evidence authorized the jury to reduce the compensatory damages by the amount attributable to her pre-existing condition and also to award punitive damages, we find the jury's verdict was not inconsistent.

2. "Although the appeal may not be meritorious, damages under

OCGA § 5-6-6 are proper only where the enumerations of error are so palpably without merit or specious as to warrant the conclusion that the appeal was taken for delay only. [Cits.] Such damages are never assessed in a doubtful case. [Cit.] Since [appellant's] arguments here are at least 'colorable' ([cit.]), [appellee's] motion for damages is denied." *Re/Max 100 &c. v. Tri-Continental &c. Corp.*, 177 Ga. App. 111, 112 (2) (338 SE2d 542) (1985).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED OCTOBER 19, 1989 —
REHEARING DENIED NOVEMBER 6, 1989 —

*Adele P. Grubbs*, for appellant.
*Albert E. Jones*, for appellee.