## 12146. ENGLISH v. MOORE *et al.*

STEPHENS, J. 1. In a suit upon an alleged contract to which the defendant was not a party but which was entered into between the plaintiff and a third person, the defendant may be held liable upon the theory that he held himself out to the world as a partner with the third person, and that the plaintiff was therefore misled, and, acting upon the faith of such ostensible relationship, dealt with the third person as a partner of the defendant and thereby entered into a contract with the purported parnership. This proposition of law was properly given in charge to the jury. They were properly instructed that before the plaintiffs could recover against the defendant it must appear that the plaintiffs, in contracting with such third person, intended to contract with him and the defendant as partners. The charge therefore is not subject to the exception that the court instructed the jury that the plaintiffs could decide for themselves what acts of the defendant and the third person

were sufficient to justify the plaintiffs in assuming that a partnership existed. See, in this connection: *American Cotton College* v. *Atlanta Newspaper Union*, 138 *Ga.* 147 (74 S. E. 1084); *Mims* v. *Brook*, 3 *Ga. App.* 247 (59 S. E. 711).

2. Acquiescence by silence will not amount to an admission, unless the circumstances are such as to require an answer or a denial. Civil Code (1910), § 5782. Where a person has read a friendly and complimentary news item containing a statement that he is a member of a named firm, his mere failure to make denial of such statement is not an admission of its truth, in the absence of proof of some fact or circumstance from which it might be inferred that he should have made denial. Yet where it is sought to hold such person liable as an ostensible partner, in that he holds himself out to the public as a member or the alleged partnership, such news item, published in a local paper of the community in which the alleged partnership does business, is admissible as a circumstance, to be taken together with other evidence in support of such ostensible relationship, as tending to establish the fact that such person holds himself out to the public as a member of such alleged partnership. An advertisement to the same effect, inserted in such paper, and afterwards paid for by such person, is also admissible, for the same reason, even though he did not authorize a statement contained therein to the effect that he was a member of the alleged partnership.

3. "Admissions or proposals made with a view to a compromise are not proper evidence." Civil Code (1910), § 5781. Where a person holds a claim against another in a certain amount, a proposition by the latter to pay one half of the claim provided another person pays the other half, is a proposal of compromise, and inadmissible. This is true even assuming that the person making the proposal and such other person are partners. On account of the admission in evidence of such proposal of compromise, a new trial must be granted.

4. The assignments of error not dealt with above are without merit.

*Judgment reversed. Jenkins, P. J., and Hill, J., concur.*

DECIDED MARCH 2, 1922.

Complaint; from city court of Americus — Judge Harper. January 6, 1921.

*W. W. Dykes*, for plaintiff in error.

*Bradley Hogg*, contra.