47322.   PECKHAM v. METRO STEEL COMPANY et al.

ARGUED JULY 7, 1972—DECIDED JULY 14, 1972.

*Alston, Miller & Gaines, Daniel B. Hodgson, Orinda D. Evans,* for appellant.

*Gambrell, Russell, Killorin, Wade & Forbes, Theodore M. Forbes, Jr., William L. O'Callaghan, Jr.,* for appellees.

DEEN, Judge. There is some doubt as to whether the order in question should be considered as a denial of the motion to dismiss the cross complaint or as the denial of summary judgment (*Code Ann.* § 81A-112 (c)) in view of an affidavit in the record that Peckham assumed full charge of the business of Metro Steel and otherwise held himself out as a partner in that enterprise, and a statement in the court's order that the case was being decided on the record. However, one not in fact a partner is not estopped from denying partnership by the fact that he held himself out as a partner, for it must also appear that the opposite party was misled by the putative status and acted thereon. *Mims v. Brook & Co.,* 3 Ga. App. 247 (2) (59 SE 711). Obviously the plaintiff, who has dismissed Peckham as a defendant, no longer claims he is a partner of the defendant Metro

Steel. Metro Affiliates does not so claim. Metro Steel and the remaining partners assert that Metro Affiliates was organized *in order to limit Peckham's liability;* this being their intention when the partnership was formed, whether or not Peckham held himself out to third parties as a partner could in no way have misled the partnership as an entity or the remaining partners therein. "The intent of the parties is the true test of a partnership" as between themselves. *Huggins v. Huggins,* 117 Ga. 151 (1) (43 SE 759).

Under these circumstances, should the defendants' claim against Peckham be tried in Bremen's case? We have a situation where A sues B (a partnership and its acknowledged partners) and B, acknowledging the debt but contending that it may not be able to meet its total obligations because a part of its assets have been drained off illegally by C (who has been managing its affairs) seeks to inject its claim against C into A's lawsuit. There is no contention that B's debt to A for purchase of supplies has any relation to B's claim against C based on conversion of assets.

Ordinarily a plaintiff has the right to determine whom he shall sue, and a cross complaint will not lie unless authorized by statute. That means, as to *Code Ann.* § 81A-113 (g) that the cross claim must be (a) between co-parties and (b) arise out of the transaction which is the subject matter of the original action. "Such cross claim may include a claim that the party against whom it is asserted is or may be liable to the cross claimant for all or part of a claim asserted in the action against the cross claimant." The claim asserted, of course, is one for materials furnished the partnership, and its subject matter is the purchase and sale of material. Assuming but not deciding that had the cross claim been proper at the time the suit was filed (Peckham having first been designated as a party but later dismissed) the dismissal would not have altered the situation, for the removal of assets with which to satisfy plaintiff's judgment cannot be considered as the same transaction in which the materials were purchased. Cf., as to the corresponding Federal rule, Hoosier Cas. Co. of Indianapolis, Ind. v. Fox, 102

FSupp. 214, where one of the criteria set up is whether the same evidence would establish both claims. Obviously it would not. This case having been brought in the Civil Court of Fulton County which has no equitable jurisdiction, we are not concerned with any equitable rules relating to the recovery or distribution of assets. Accordingly, it was error to deny the appellant's motion to dismiss the cross claim.

*Judgment reversed. Eberhardt, P. J., and Clark, J., concur.*