## 49597. CLAUDE A. HINTON, JR., INC. et al. v.
## INSTITUTIONAL INVESTORS TRUST.

ARGUED SEPTEMBER 5, 1974 — DECIDED OCTOBER 31, 1974 —
REHEARING DENIED NOVEMBER 21, 1974 — 

*Hatcher, Meyerson, Oxford & Irvin, Henry M. Hatcher, Jr.,* for appellants.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Robert W. Beynart,* for appellee.

DEEN, Judge.

■ Federal Civil Practice Rule 13(g) from which our C PA (Code Ann. § 81A-113 (g)) was cloned has been held generally remedial in character, intended to promote an expeditious and economical adjudication in a single action of the entire subject matter arising from a given set of facts. Providential Development Co. v. U. S. Steel Co., 236 F2d 277. It should be given a liberal construction (E. J. Korvett Co. v. Parker Pen Co., 17 FRD 267) in determining whether it "arises out of the same transaction or occurrence" as the original claim. Danner v. Anskis, 256 F2d 123. Specifically, the amendment to subdivision (g) allowing cross claims to be filed where "relating to any property that is the subject matter of the original action," was intended to broaden the sphere of such permitted pleadings. The Notes of Advisory Committee on Amendments to Rules (Rule 13, 28 USCA, note) state that this amendment was intended for situations "such as where a second mortgagee is made defendant in a foreclosure proceeding and wishes. . . to secure a personal judgment for the indebtedness and foreclose his lien. A claim of this sort by the second mortgagee may not necessarily arise out of the transaction or occurrence that is the subject matter of the original action." The general purpose is to afford a means of determining the entire controversy with a minimum of procedural steps. Lumbermens Mut. Cas. Co. of Ill. v. Timms & Howard, 108 F2d 497.

The plaintiff contractor seeks to have its lien declared superior to the deed to secure debt to the premises. This deed from the lender to the owner is security for a promissory note representing the construction loan, and antedating the construction contract. Evidence establishing the note, the deed to secure debt, the loan, and the dates and purposes of the

transaction will doubtless be the same. The same property is involved, and the instruments represent a single transaction. Under these circumstances there was no error in allowing the defendant lender to cross claim against the defendant owner for the amount due on the note, although the plaintiff does not deny the owner's indebtedness to the lender but only seeks to obtain priority over the security instrument by which it is supported.

The debt itself is not denied by anyone. Under these circumstances it was not error to allow the cross claim and to enter up summary judgment thereon in favor of Institutional Investors Trust.

■ The note in question contains a provision by which the maker "agrees to pay all costs of collection when incurred, including reasonable attorney fees." The summary judgment included 10% attorney fees, and appellant protests that this sum is not supported by proof, is unconscionable, and is premature in that the fees have not yet been "incurred."

It seems obvious that whatever fees an attorney is entitled to for obtaining a judgment favorable to his client on a promissory note have been incurred by the time the judgment is entered up. The judgment for attorney fees was accordingly not premature. It was not unconscionable, since it was in the amount directed by statute. Code Ann. § 20-506 spells out that obligations to pay attorney fees embodied in negotiable instruments are "collectible as a part of such debt, if such note or other evidence of indebtedness be collected by or through an attorney after maturity." The note matured by invocation of its acceleration clause after default, and the payee was entitled after proper notice and failure to pay to the receipt of attorney fees "as a part of the debt." *Franco v. Bank of Forest Park,* 118 Ga. App. 700 (1) (165 SE2d 593). The appellee's counsel procured the summary judgment; therefore the collection of the debt was accomplished "by or through an attorney." The 10% figure is established by Code Ann. § 20-506 (b) stating that the amount shall be 10% of principal and interest where the note "provides for the payment of reasonable attorney fees, without specifying any specific per cent."

As to proof of notice under subdivision (c), the attorney for the lender submitted by affidavit his file copy of a letter sent by certified mail to each of the cross claim defendants together with the signed receipt of the addressee. The letter is in proper form. The receipt is not denied. The affidavit also deposes that counsel for the lender, in a conversation with counsel for the debtors, received oral assurances that the letter had been personally received by the lawyer and that he had discussed the matter with his clients.

■ It is also contended that summary judgment should not have been granted because there is insufficient evidence to allow any precise interest computation, and that the trial court erred in denying a motion to vacate the judgment rendered and dismiss the cross claim. There is no controversy that sums were advanced up to $2,316,086 with some further retainage of interest reserve.

By a stipulation of counsel for both parties filed in this court on October 4, 1974, it appears that the defendant Hinton testified by deposition that the whole amount of $2,582,064 had been withdrawn. Further, a witness for the appellee testified that an interest reserve was established, that $2,189,600 was advanced, that interest was charged to the loan in accordance with the established reserve, and that it was used up and "zeroed out" in October, 1973, and there was no money remaining on the loan with which to pay accrued interest.

The affidavit in support of the summary judgment motion was made on February 15, 1974. The interesting question has been raised as to whether interest can be assumed to have continued at the rate of $1,221.25 per day between this date and the date of the judgment, which was March 25. A rider to the promissory note stipulates that "interest shall be computed from the date of each advance at the rate of 4-1/2% per annum over the prime rate then charged by The Chemical Bank, New York, N. Y., or successors, for 90-day prime commercial loans in effect from time to time, or the maximum rate not then unlawful for the undersigned to pay, whichever is lower." Thus, the interest accrued on March 25, 1974, was subject to simple arithmetical calculation, and there

is no contention that such calculation was incorrect. The evidence supports the award of interest.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*