## 52872. MUNDY v. CINCINNATI INSURANCE COMPANY et al.

MARSHALL, Judge.

Appellant Mundy appeals the jury verdict and judgment for damages and exemplary damages entered against him and in favor of appellee Francis. Mundy also attacks the verdict and judgment entered against Francis in favor of appellee Cincinnati Insurance Company.

The facts reflect that Francis' uncle, one Bankross, died intestate in October, 1970. Mundy owned and operated a funeral home. Mundy's son offered the services of the business to Francis. In an effort to determine whether Bankross had sufficient assets in his estate to pay for the funeral, Mundy suggested that Francis bring Bankross' personal papers to the funeral home for examination. It was determined that Bankross had a bank account in a Philadelphia savings institution amounting to almost $17,000. Mundy offered to assist Francis in transferring the bank assets to the local area and to assist Francis in being appointed the administrator of Bankross' estate.

After Francis was appointed administrator and Cincinnati Insurance Company posted the necessary administrator's bond, Mundy further volunteered to assist Francis in administering the estate. The evidence indicates that as expenses were incurred Mundy suggested that Francis simply sign blank checks and Mundy would pay for the expenses since he, Mundy, was more familiar with such matters. The evidence further

reflects that within a few weeks the estate had been depleted to approximately $150. There were expenses directly related to the administration of the estate and additional sums were shown to have been transferred to the personal and business bank accounts of Mundy. Upon an accounting before the Probate Court of DeKalb County, $15,870.18 was disallowed as being improper charges upon the estate. The probate court called upon surety, Cincinnati Insurance Company to restore the improperly dissipated assets to the estate. Following restitution to all heirs, excluding Francis, Cincinnati Insurance Company brought the present action jointly against both Francis and Mundy. Francis filed a cross complaint against Mundy seeking a recovery of the entire amount recovered from him by the insurance company. The jury returned a verdict against Francis in favor of the Cincinnati Insurance Company for losses suffered under its bond plus $500 exemplary damages. The jury expressly did not find in favor of the insurance company against Mundy. However, on what apparently was a pass-through verdict, the jury found in favor of Francis against Mundy on the cross complaint for the amount of the verdict awarded the company on the bond plus exemplary damages in an amount of $10,000.

Mundy enumerates some 22 errors. In general he complains that the trial court erred in failing to grant Mundy's motion for summary judgment in relation to the insurance company's original complaint for several reasons: there was no privity of contract between Mundy and the surety; the surety was suing on the basis of subrogation rights which, being based in tort, were nonassignable; the action of the probate court was res judicata; and the evidence was insufficient to support the verdict. Mundy also complained that the trial court should have dismissed Mundy as a party defendant in the cross complaint because the tort action could not be assigned and for additional reasons that there is no lawful ground of contribution between joint tortfeasors; that since the action was based in the contract of surety, exemplary damages were improper; and finally, that the trial court erred in charging on theories of principal and agent, on the issue of fraud, exemplary damages, and in

refusing to charge on the law of contribution. *Held:*

1. We need not consider whether the trial court made any error in the case between the plaintiff below, Cincinnati Insurance Company, and Mundy. The jury in its verdict expressly found in favor of Mundy as against the insurance company. It is well established that with respect to rulings of the trial court, submission of evidence and instructions with respect to issues which were decided in favor of appellant, any such errors are harmless to appellant. *Brand v. Montega Corp.,* 233 Ga. 32 (209 SE2d 581); *McDonald v. Rogers,* 229 Ga. 369 (191 SE2d 844); *Sellers v. Savannah &c. R. Co.,* 123 Ga. 386 (51 SE 398).

2. As to the cross complaint brought by Francis against Mundy, it was in the nature of an independent action between the two original defendants, though related to the complaint brought by Cincinnati Insurance Company. As such, the trial court properly refused to dismiss Mundy as a party defendant to the cross complaint. *Hinton, Inc. v. Institutional &c. Trust,* 133 Ga. App. 364 (211 SE2d 169); *Peckham v. Metro Steel Co.,* 126 Ga. App. 685 (191 SE2d 559). Furthermore, because the cross complaint is in the nature of an independent action between Francis and Mundy, those allegations by Mundy that it was a derivative action arising out of the relationship between the insurance company and Francis; that it dealt with a nonassignable tort, and those arguments dealing with the contractual relationship between the insurance company and Francis, rights of indemnification inherent in subrogation, and similar arguments related to a derivative action are irrelevant to the rights existing between Francis and Mundy.

3. Mundy admitted in his answers to the complaint and the cross complaint that his relationship to Francis was one as agent. These admissions were never withdrawn. The relationship of principal and agent having been admitted, and never withdrawn, that relationship stands as an established fact. *Venable v. Block,* 138 Ga. App. 215, 216 (225 SE2d 755); *Florida Yellow Pine Co. v. Flint River Naval Stores,* 140 Ga. 321 (78 SE 900). It follows that the trial court did not err in including in its charge to the jury, principles of law dealing with the duty owed to the principal by his agent.

*Crosby v. Rogers,* 197 Ga. 616 (30 SE2d 248).

Mundy argues that he could not have acted as agent for Francis inasmuch as Francis was appointed administrator by court order; and that in order for Mundy to have acted as agent to the administrator, that relationship had to have the approval of the probate court. This argument fails to recognize that Mundy volunteered to act in a personal and confidential manner to assist Francis in the administration of the estate, and in that capacity Mundy was entrusted with the assets of the estate to oversee its disposition. "That a trustee who diverts trust property to his own use is liable to his cestuis que trust is clear ... Relatively to this rule, an agent who fraudulently diverts to his own use property of his principal is a quasi trustee." *Ausley v. Cummings,* 145 Ga. 750, 757 (7) (89 SE 1071).

It also follows that the trial court did not err in failing to charge on the theory of joint tortfeasors, and the principles of contribution. Francis brought his cross action for recovery of the full amount of the loss to the estate, not for contribution by a joint tortfeasor.

4. Mundy also argues that the order of the probate court established liability as between Francis and the insurance company. Because Mundy was not found to be liable by the probate court, he argues that the ruling of that court is res judicata as between the parties to this law suit. Mundy's argument ignores the fact that he was not a party to the proceedings before the probate court. The doctrine of res judicata bars further action on a former recovery for the same cause of action only as between the same parties. *Buie v. Buie,* 175 Ga. 27, 33 (165 SE 15); *Floyd & Lee v. Boyd,* 16 Ga. App. 43 (3) (84 SE 494).

5. Mundy protests that Francis cannot recover exemplary damages inasmuch as Francis did not ask for such damages in his cross complaint. However, where the facts alleged are sufficient to warrant the recovery of punitive damages, and a recovery of general damages is prayed, it is not a requisite to the assessment of punitive damages that they should be claims eo nomine. *Young v. W. & A. R. Co.,* 39 Ga. App. 761 (3), 767 (148 SE 414). The award of exemplary damages based upon appropriate instructions finds adequate support in the evidence.

6. We observe that in its claim against Francis and Mundy, Cincinnati Insurance Company sought special damages in the specific amount of $13,053.49 with 7% interest from February 28, 1973. The jury's verdict was in an amount of $14,819.50. The higher figure obviously is based upon the identical sum made out by two checks paid by Cincinnati Insurance Company to the heirs other than the administrator-heir, Francis. Though Cincinnati Insurance Company asked in its complaint only for $13,053.49 with 7% interest on that figure, apparently it was obvious to the jury that $14,819.50 was the actual amount paid to the other heirs and constituted the actual damages. Cincinnati was allowed to present evidence of the larger amount without objection either by Francis or by Mundy.

CPA § 54 (c) (1) (Ga. L. 1966, pp. 609, 658; 1976, pp. 1047, 1049 (Code Ann. § 81A-154 (c) (1)) provides in pertinent part that every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings provided the matter is litigated. CPA § 15 (b) (Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694 (Code Ann. § 81A-115 (b)) provides that when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Verdicts are to be upheld if capable of legal intendment. *Southern R. Co. v. Oliver,* 1 Ga. App. 734 (58 SE 244). Under the circumstances of this case, the trial court properly entered judgment in the higher figure returned by the jury in its verdict. See *Empire Banking Co. v. Martin,* 133 Ga. App. 115, 119 (210 SE2d 237).

7. In his cross claim against Mundy, Francis stated his claim as "such sum as the plaintiff [Cincinnati Insurance Company] shall have against co-defendant Francis." By his prayer for damages, Francis sought the same amount awarded to the insurance company by the jury. However, though the insurance company sought $500,000 in exemplary damages, it only recovered $500 against Francis. Francis cannot recover more than he sought in his cross complaint. *Cotton States Mut. Ins. Co. v. Davis,* 112 Ga. App. 485 (145 SE2d 607) and cits.

For the reasons stated herein, that portion of the jury verdict and judgment awarding Francis exemplary damages in an amount of $10,000 is irregular insofar as it exceeds the sum of $500 awarded the insurance company against Francis. The excess verdict being irregular, this irregularity may be corrected by writing off the amount awarded Francis in excess of $500 as exemplary damages.

8. Finally, Mundy asserts that the evidence does not support the verdict and judgment. In passing on the sufficiency of the evidence to support the verdict, the appellate courts are to afford the evidence that view which is most favorable to the appellee and which is designed to uphold the verdict. All conflicts must be rendered against the appellant, and if there is any evidence to support the verdict it must be affirmed. *Hallford v. Banks,* 236 Ga. 472 (224 SE2d 35); *Talley v. State,* 137 Ga. App. 548, 549 (224 SE2d 455). The evidence in this case more than meets that minimal test of sufficiency demanded.

9. Accordingly, the judgment as to Cincinnati Insurance Company is affirmed. The judgment as to Francis will be affirmed on condition that the excessive exemplary damages in the amount of $9,500 be written off before the judgment is entered on the remittitur; otherwise the judgment as to Francis is reversed.

*Judgment as to Cincinnati Insurance Company is affirmed. Judgment as to Francis is affirmed on condition. Quillian, P. J., and McMurray, J., concur.*

ARGUED OCTOBER 12, 1976 — DECIDED JANUARY 27, 1977.

*George N. Sparrow, Jr., E. Wayne Wallhauser,* for appellant.

*Savell, Williams, Cox & Angel, Edward L. Savell, William S. Goodman, Jones, Wilson & Tomlinson, John J. Jones, John E. Tomlinson,* for appellees.