## 74447. DOUGHERTY COUNTY FARM BUREAU
## v. HINMAN et al.
### (361 SE2d 236)

POPE, Judge.

Plaintiffs James and Beatrice Hinman brought this action against defendants Georgia Farm Bureau Mutual Insurance Company and Dougherty County Farm Bureau alleging breach of a contract of insurance. Defendant farm bureau moved for summary judgment, which was denied, and this interlocutory appeal followed. The case against defendant insurance company remains pending below. *Held*:

Plaintiffs' complaint alleges defendants' joint and several liability for damages to plaintiffs' property. Plaintiffs allege that they tendered property insurance premiums to defendant insurance company; that both defendants "made representations" that plaintiffs' property was covered; that plaintiffs' property was destroyed by fire; and that subsequent to the fire defendants notified plaintiffs that the insurance policy had been cancelled several months earlier. In support of its motion for summary judgment defendant farm bureau submitted the affidavit of its secretary-treasurer who averred that the farm bureau was "a distinct and wholly separate entity" from defendant insurance company; that the farm bureau was not in the business of selling or processing insurance and was not involved with defendant insurance company; that he had no knowledge of the farm bureau's ever attempting to enter into a contract of insurance with plaintiffs and that the farm bureau had no knowledge of plaintiffs' claim against it until being named a party defendant in this lawsuit.

In response to the summary judgment motion, plaintiffs submitted only a brief alleging that defendant farm bureau "in an agency capacity mailed notices to the plaintiffs . . . on several occasions. . . ." Attached as exhibits to plaintiffs' brief were two envelopes addressed to plaintiffs with a return address of defendant farm bureau. Also attached as exhibits were the letters apparently contained in each envelope. One letter was signed "Louise Rousseau, Secretary," and requested plaintiffs to call defendant farm bureau's office at their earliest convenience. The other letter was from defendant insurance company notifying plaintiffs that it was unable to provide insurance coverage for them.

1. Defendant farm bureau's affidavit in support of its motion for summary judgment effectively denied any agency relationship between it and defendant insurance company. "As this denial is unrebutted, it may be treated as fact." *Harrison v. American Liberty Ins. Co.*, 155 Ga. App. 226, 227 (270 SE2d 389) (1980); *Oglesby v. Farmers Mut. Exchange*, 128 Ga. App. 387 (5) (196 SE2d 674) (1973); see also *Travelers Indem. Co. v. Cumbie*, 128 Ga. App. 723 (7) (197 SE2d 783) (1973), holding that the agent is competent to testify as to his agency

and the extent of his authority. Plaintiffs counter this prima facie showing with only the letters and envelopes attached to their brief in opposition to summary judgment. "Thus, we have the denial of agency by the purported . . . agent, and the apparent contrary circumstances observed by the plaintiff[s]. Does this create a material issue of fact? We find that it does not. 'In passing upon a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists.' [Cits.] . . . 'When uncontradicted and unimpeached evidence is produced as to the real facts, the inference disappears, and does not create a conflict in the evidence so as to require its submission to a jury.' [Cits.]" *Brewer v. Southeastern Fid. Ins. Co.*, 147 Ga. App. 562, 564 (249 SE2d 668) (1978); *Stewart v. Ga. Mut. Ins. Co.*, 159 Ga. App. 91 (1) (282 SE2d 728) (1981). The trial court erred in denying defendant farm bureau's motion for summary judgment. Accord *Entertainment Developers v. Relco, Inc.*, 172 Ga. App. 176 (2) (322 SE2d 304) (1984); *Shivers v. Barton & Ludwig*, 164 Ga. App. 490, 491 (296 SE2d 749) (1982).

2. In light of our holding in Division 1, supra, defendant farm bureau's remaining enumeration of error (alleging plaintiffs' untimely compliance with Uniform State Court Rule 6.2) is moot. See generally *Henderson v. Caughran*, 182 Ga. App. 657 (356 SE2d 721) (1987); *Pruitt v. Tyler*, 181 Ga. App. 174 (1) (351 SE2d 539) (1986).

*Judgment reversed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 17, 1987.

*Thomas S. Chambless, Stephen S. Goss*, for appellant.
*Billy C. Mathis, Jr., Henry E. Williams*, for appellees.