A89A1978. MITCHELL et al. v. HAYGOOD'S HAULING & GRADING, INC.
(391 SE2d 481)

COOPER, Judge.

Appellants are the heirs of Jessie Mitchell, who was buried in a cemetery adjacent to a parcel of property purchased for the development of an office building. Appellee was a grading subcontractor on the construction project. This action was brought by appellants against appellee and several other defendants, seeking actual and punitive damages as a result of the allegedly negligent or intentional destruction of the grave of their brother, the interference with their right of easement to the grave, and the destruction of the grave marker.

In response to appellee's motion for summary judgment, appellants filed several opposing affidavits. On the morning of the hearing on the motion for summary judgment, appellee filed a pleading captioned "Objections to Affidavits and Motion to Strike," objecting to certain portions of the affidavits filed by appellants. The trial court sustained appellee's objections to the affidavits, and after hearing argument, granted appellee's motion for summary judgment.

1. Appellants first contend that the trial court erred in striking

their affidavits and in granting summary judgment to appellee. On motion for summary judgment, the evidence must be construed most favorably to the party opposing the motion, and the non-moving party must be given the benefit of all favorable inferences and reasonable doubts which arise from the evidence. *Georgia Farm &c. Ins. Co. v. Allstate Ins. Co.*, 190 Ga. App. 593 (1) (379 SE2d 619) (1989). However, in deciding a motion for summary judgment, "a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists. [Cits.]" (Punctuation omitted.) *Dougherty County Farm Bureau v. Hinman*, 184 Ga. App. 244 (1) (361 SE2d 236) (1987).

The affidavit of Jerry Haygood in support of appellee's motion for summary judgment is based on personal knowledge and sets forth the following facts: that he inspected the subject property to determine whether any graves existed outside the boundaries of the cemetery; that he found no evidence of graves or grave markers; that his employees took great care to see that no graves or grave markers were disturbed; that no graves or grave markers were disturbed by appellee during work on the project; that appellee did not interfere with ingress and egress to the grave of Jessie Mitchell; that appellee did not disinter or otherwise dispose of the remains of Jessie Mitchell; and that appellee did not commit a trespass against the grave or grave marker of Jessie Mitchell. Appellants allege error in the trial court's striking of certain portions of the opposing affidavits submitted in response to appellee's motion.

We have reviewed appellants' affidavits and the record and conclude that the admissible portions of appellants' affidavits create at best only an inference that appellee disturbed the grave with no direct evidence to refute appellee's uncontradicted and unimpeached affidavit that it did not disturb the grave of Jessie Mitchell. " ' "When uncontradicted and unimpeached evidence is produced as to the real facts, the inference disappears, and does not create a conflict in the evidence so as to require its submission to a jury." [Cits.]' " *Dougherty County Farm Bureau v. Hinman*, supra at 245. Accordingly, we find that any error the trial court may have committed in striking admissible portions of appellants' affidavits was harmless and that the trial court did not err in granting appellee's motion for summary judgment.

2. Appellants contend that the trial court improperly heard the motion to strike because it was not timely filed. We disagree. Although appellants' opposing affidavits were filed before the statutory deadline (see OCGA § 9-11-6 (d)), we find no requirement that the movant object to the opposing affidavits prior to the time when the affidavits will actually be considered. Thus, it was not error for the

trial court to hear argument on appellee's written objections to appellants' opposing affidavits.

3. Appellants' final enumeration of error contending that the trial court did not consider the entire record is without merit. "We will presume that the trial court as a public official faithfully and lawfully performed the duties devolving upon him by law. [Cit.]" *Smith v. Jones*, 154 Ga. App. 629 (1) (269 SE2d 471) (1980).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 28, 1990.

*Maddox, Maddox & Maddox, Tommy Lee Maddox*, for appellants.

*Freeman & Hawkins, Lawrence J. Myers*, for appellee.