A90A0175. HENDRICKS v. MONROE REALTY, INC.
(395 SE2d 375)

CARLEY, Chief Judge.

Appellant-plaintiff brought suit against appellee-defendant, seeking to recover on a promissory note. Appellee answered and counterclaimed, seeking to recover for fraud and tortious interference with business relations. The case was tried before a jury. As to appellant's main claim on the note, the jury returned a $500 verdict in his favor. As to appellee's counterclaims, the jury returned a general verdict in its favor and awarded $2,000 in compensatory damages and $15,000 in punitive damages. Appellant appeals from the judgments that were entered by the trial court on the jury's verdicts.

1. Appellant moved for a directed verdict as to several of the defenses that appellee had raised to its liability on the note. The trial court denied the motions and, in its charge to the jury, gave instructions on these defenses. Appellant enumerates as error the denial of

his motions for a directed verdict and the giving of the instructions.

Since the jury found in appellant's favor as to his main claim on the note, error, if any, in the denial of his motions for a directed verdict as to appellee's defenses and in the giving of jury instructions as to those defenses was clearly harmless. *Mundy v. Cincinnati Ins. Co.*, 141 Ga. App. 106, 108 (1) (232 SE2d 621) (1977).

2. The trial court's denial of appellant's motion for a directed verdict as to his main claim on the note is enumerated as error.

Insofar as appellee's liability on the note is concerned, error, if any in the trial court's failure to grant a directed verdict in favor of appellant, was rendered harmless when the jury returned a verdict in his favor. *Mundy v. Cincinnati Ins. Co.*, supra at 108 (1). Insofar as the extent of appellee's liability on the note is concerned, a jury issue was presented. Accordingly, this enumeration of error is without merit.

3. The trial court's denial of appellant's motion for a directed verdict as to appellee's counterclaim for tortious interference with business relations is enumerated as error.

" 'Where one maliciously and wrongfully, and with the intent to injure another person's business prevents others from dealing with him and his business is thereby injured, the person thus injured has a cause of action against the person thus causing the injury, for the loss and damage sustained.' [Cits.]" *NAACP v. Overstreet*, 221 Ga. 16, 21 (1a) (142 SE2d 816) (1965). According to appellee, appellant had tortiously interfered with its right to receive a certain real estate commission. The evidence showed that appellant had indeed contacted the closing attorney and that, thereafter, the closing attorney had not paid the commission to appellee but had filed an interpleader action. However, the evidence also showed that, when appellant contacted the closing attorney, he was acting pursuant to a signed written contract, whereby appellee had agreed that "all disputed funds [that were to be paid to it as the real estate commission] shall be escrowed with an attorney of [appellee's president's] choice. . . ." Thus, appellee had agreed that, in the event of a dispute with appellant as to its entitlement to the funds that were otherwise to be paid to it as the real estate commission, those funds would be withheld from it and placed in escrow. It is uncontroverted that, after appellant contacted the closing attorney and registered his dispute as to appellee's entitlement to the funds, the escrow agent who was selected by appellee's president refused to serve and that the closing attorney then opted for filing an interpleader action because appellee's attorney was threatening to file suit. Accordingly, the original withholding of the real estate commission was precipitated by appellee's own written agreement with appellant and the subsequent interpleader action was precipitated by the actions of appellee's own agents. Under this evi-

dence, the withholding of the commission from appellee was not shown to be the result of any malicious act on the part of appellant. "In an action for interference with contract, ' "malicious" or "maliciously" means any unauthorized interference, or any interference without legal justification or excuse.' [Cit.]" *Tedford v. Roswell Village*, 173 Ga. App. 780 (1A) (328 SE2d 403) (1985). Appellant was originally authorized to rely upon his written agreement with appellee in contacting the closing attorney and he is not legally responsible for the subsequent actions of appellee's agents. It follows that the trial court erred in failing to grant appellant's motion for a directed verdict.

4. The trial court's denial of appellant's motion for a directed verdict as to appellee's counterclaim for fraud is enumerated as error.

Our review of the record shows that such evidence as was adduced at trial purported to relate only to appellee's *fraud defense* as to its liability on the note. There was no evidence adduced which would authorize an *independent recovery* by appellee under a fraud theory. Although appellee's president Mr. Pat Monroe did testify that the extent of *her* ownership of the stock in appellee had been misrepresented to *her* by appellant, this obviously has no bearing whatsoever on whether the corporate *appellee* itself was ever defrauded by appellant. There being no evidence to authorize appellee to recover in fraud, it follows that the trial court erred in denying appellant's motion for a directed verdict.

5. Over objection, the trial court admitted certain evidence as relevant to the issue of appellant's commission of fraud. This evidentiary ruling is enumerated as error.

Insofar as the evidence may have been inadmissible and irrelevant to appellee's *defense* of fraud, its erroneous admission would be harmless for the reasons discussed in Division 1. Insofar as the evidence may have been inadmissible and irrelevant to appellee's *counterclaim* for fraud, any harm that may have resulted from its erroneous admission has been rendered moot by virtue of our holding in Division 4. It follows that this enumeration of error is without merit.

6. The judgment on appellant's main action is affirmed. The judgment on appellee's counterclaim is reversed.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Sognier, J., concur.*

DECIDED JUNE 25, 1990.

*Hartley, Rowe & Fowler, G. Michael Hartley, Elizabeth A. Geoffroy*, for appellant.

*Howe & Dettmering, W. O'Neal Dettmering, Jr.*, for appellee.